**UNITED STATES of America**

v.

**William B. CUTSHALL.**

**Crim. A. No. 6621.**

United States District Court
E. D. Tennessee,
Northeastern Division.

June 1, 1963.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., David M. Smith, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

John F. Dugger, Morristown, Tenn., for defendant.

NEESE, District Judge.

The only question here is whether certain evidence the defendant Cutshall has moved to suppress falls under the "fruit of the poisonous tree" doctrine as adverted to in the second Nardone case, infra.

A federal revenue agent was secreted in the trunk of an automobile which, while being operated by a paid government informer, unlawfully penetrated onto the residential premises of the defendant. The Court sustained the defendant's motion to suppress the evidence thus obtained on the defendant's premises on the authority of Silverman v. United States (1961), 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734, 738–739. See memorandum opinion herein filed October 19, 1962. These intrusions and the attendant tainted searches occurred on April 12, 14, 17 and 21, 1962.

After leaving the premises of the defendant on the latter date, the revenue agent, who had neither seen nor heard anything during his surveillance incriminatory of the defendant, was advised by the informer that the latter had arranged with the defendant for the delivery of a quantity of tax-unpaid whiskey at an agreed location nearby on a public road. The agent admits candidly that he had no other or independent source of information as to this prospective law violation. The delivery was subsequently made by the defendant as scheduled, the transfer of the illegal whiskey being made in the presence of the informer and

the revenue agent. The agent thereafter obtained a warrant and arrested the defendant for this violation. A second motion for the suppression of this latter-mentioned evidence was made by the defendant, and a hearing was held to the extent contemplated by Rule 41(e), Federal Rules of Criminal Procedure.

■ The defendant's second motion for suppression likewise is good. The prosecution's subsequent action, described herein, supra, was necessarily grounded on information obtained during the course of an illegal search and is as tainted as that obtained in the original unlawful intrusion of the defendant's premises. United States v. Paroutian, C.A.2nd (1962), 299 F.2d 486, 489.

■ The rule excluding illegally-obtained evidence covers not only evidence seized directly as the result of an unlawful search, but also it proscribes the use of all evidence obtained as an indirect result of such illegal activity—the "fruit of the poisonous tree". Silverthorne Lumber Company v. United States (1920), 251 U.S. 385, 391–392, 40 S.Ct. 182, 64 L.Ed. 319; Nardone v. United States (1939), 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307, 311–312.

This action is distinguishable on the salient facts from United States v. Bush, C.A. 6th, (1960), 283 F.2d 51, cited by the prosecution, where the revenue agent went on the premises of the defendant as a trespasser, was invited into her home by the defendant, and thereafter observed violations of the federal liquor laws which provided the basis for the officer's affidavit on which a search warrant was properly issued. In the case at bar, the revenue agent was a trespasser from the beginning and never attained the status of an invitee of the defendant Cutshall. And although the subsequent arrest of the defendant was upon an arrest warrant predicated upon the affidavit of what this officer saw during the meeting previously arranged, patently this rendezvous was the culmination of plans made while the officer and the informer were illegally within the curtilage of the defendant.

The prosecuting attorney insists that the federal officer acted, not on the basis of the doctrine of "the fruit of the poisonous tree", but, rather, on independent observation of a violation of the law on a public road. The Court disagrees.

The revenue agent "had a hand in" the earlier unlawful entry into the curtilage of the defendant. The entire scheme, in fact, was originated by the federal officer, who participated throughout. He subsequently secured and selected, by other than sanctioned means, this evidence with which to prosecute this defendant. The object of the original search was not completely accomplished until the defendant was observed transferring contraband on the public road. Lustig v. United States (1948), 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819.

Therefore the revenue agent's knowledge was not acquired through the wrongful act of a stranger, but was obtained following the culmination of a series of acts which the agent, himself, had planned. Silverthorne Lumber Co. v. United States, supra, (opinion by the late Mr. Justice Holmes). " * * * An unlawful search taints all evidence obtained at the search or through leads uncovered by the search. * * * " United States v. Paroutian, supra, 299 F.2d at page 489, unless the information received stemmed from an independent source and did not emerge from the unlawful act. Idem.

Since the search in which both the revenue agent and the paid government informer participated was illegal, and the positive testimony of the agent is to the effect that his only information as to the intended violation came from the informer and represented information obtained by the latter during the illegal search, " * * * the burden shifted to the government which was then under an obligation to prove that its evidence had an independent source," United States v. Paroutian, supra, 299 F.2d 486 [5, 6]. This burden has not been carried.

■■ The government is prohibited from violating the Fourth Amendment through its agents and using the fruits

of such unlawful conduct: directly, indirectly, or through leads from the unlawful encroachment. All these methods are outlawed, and convictions obtained by means of them will be invalidated, because they encourage the kind of society that is obnoxious to free men. Walder v. United States (1954), 347 U. S. 62, 74 S.Ct. 354, 98 L.Ed. 503.

Counsel will submit an order sustaining the second motion to suppress the evidence thus obtained herein.