166 N.J. Super. 258 (1979)
399 A.2d 984
HARRY J. RUBIN AND MARGARET C. RUBIN, APPELLANTS,
v.
SIDNEY GLASER, DIRECTOR, DIVISION OF TAXATION, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, AND A. JAMES REEVES, TAX ASSESSOR, LONG BEACH TOWNSHIP, OCEAN COUNTY, NEW JERSEY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1978.
Decided February 1, 1979.
*260 Before Judges FRITZ, BISCHOFF and MORGAN.
Appellant, Mr. Harry J. Rubin, argued pro se.
Mr. Harry Haushalter, Deputy Attorney General, argued the cause for respondent, Director, Division of Taxation (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
*261 The opinion of the court was delivered by MORGAN, J.A.D.
Denied a rebate on property taxes paid on a summer home in Long Beach Township, Ocean County, New Jersey, appellants Harry and Margaret Rubin, Pennsylvania residents, filed this appeal contending that the Homestead Rebate Act, N.J.S.A. 54:4-3.80 et seq., is unconstitutional in that by discriminating against nonresidents of New Jersey, it violates the Privileges and Immunities Clause of the United States Constitution, Art. IV, § 2, cl. 1 and denies them equal protection of the law, in violation of the Fourteenth Amendment of the Federal Constitution. They also contend that the act, by failing to conform to the authority conferred by Art. VIII, § 1, par. 5, violates that provision of the New Jersey Constitution. The issues raised come before us for an original determination, the Division of Tax Appeals properly holding that matters of constitutional adjudication fall outside the scope of its allotted jurisdiction.
The few facts pertinent to the issues raised are undisputed. Appellants concededly live in York, Pennsylvania, where the husband, an attorney, maintains his law practice and where the wife works for a governmental agency. The home in New Jersey, on which they paid taxes from which they sought a rebate, is a vacation home used by the couple for a few weeks during the summer and for occasional weekends throughout the year. They candidly admit that this home cannot be regarded as their principal place of residence. Their claim for a homestead rebate for the year was denied on grounds of their nonresidency and on the admitted fact that the home on which property taxes were paid did not constitute their principal place of residence.
The constitutional basis for the Homestead Rebate Act (hereinafter the "act") is an amendment to the New Jersey Constitution adopted in its final form at a general election on November 2, 1976. It reads as follows:
*262 The Legislature may adopt a homestead statute which entitles homeowners, residential tenants and net lease residential tenants to a rebate or a credit of a sum of money related to property taxes paid by or allocable to them at such rates and subject to such limits as may be provided by law. Such rebates or credits may include a differential rate or credit to citizens and residents who are of the age of 65 or more years, or less than 65 years of age who are permanently and totally disabled according to the provisions of the Federal Social Security Act, or are 55 years of age or more and the surviving spouse of a deceased citizen or resident of this State who during his lifetime received, or who, upon the adoption of this amendment and the enactment of implementing legislation, would have been entitled to receive a rebate or credit related to property taxes.
The act, adopted pursuant to the foregoing amendment, reads in pertinent part as follows:
a. Every citizen and resident of this State shall be entitled, annually, to a homestead rebate on a dwelling house and the land upon which such dwelling house is situated, or on a dwelling house assessed as real estate situated on land owned by another or others which constitutes the place of his domicile and which is owned and used by him as his principal residence. If such citizen and resident of this State is of the age of 65 or more years, or is less than 65 years of age yet permanently and totally disabled, as "disabled" is defined in the "New Jersey Gross Income Tax Act" (54A:1-2f), or is the surviving spouse of a deceased citizen and resident of this State who during his lifetime received a real property tax deduction pursuant to this act or P.L. 1963, c. 172 (C. 54:4-8.40 et seq.), upon the same conditions, with respect to real property, notwithstanding that said surviving spouse is under the age of 65 and is not permanently and totally disabled, provided that said surviving spouse was 55 years of age or older at the time of death of said citizen and resident and remains unmarried, said taxpayer shall annually, upon proper claim being made therefor, be entitled to an additional rebate as set forth in section 2 of this act. The said requirement of ownership shall be satisfied by the holding of the beneficial interest where the legal title thereto is held by another for the benefit of the said citizen and resident, or for a resident shareholder in a cooperative or mutual housing corporation as defined herein.
A person who is a tenant for life or a tenant under a lease for 99 years or more or a person who is entitled to and actually takes possession of the land and dwelling house under an executory contract for the sale thereof or under an agreement with a lending *263 institution which holds title as security for a loan, shall be deemed to be an owner for the purpose of this act.
b. As used in this act "dwelling house" includes any residential property assessed as real property consisting of not more than four units of which not more than one may be used for business or commercial purposes.
* * * * * * * *
[N.J.S.A. 54:4-3.80]
Critical to the issues raised on this appeal is that portion of the act which purports to limit eligibility for the property tax rebate to "Every citizen and resident of this State" with respect to a "dwelling house * * * which constitutes the place of his domicile and which is owned and used by him as his principal residence." Clearly, under this provision appellants, as residents of Pennsylvania whose New Jersey home is used only for a few weeks of each year for vacation purposes, do not qualify for the rebate. They do not contend otherwise.
In asserting the constitutional invalidity of the portion of the act denying them eligibility on these grounds they first contend that this statutory limitation on their eligibility was unauthorized by the enabling constitutional amendment. Nothing in the amendment, they argue, warranted the Legislature in excluding nonresidents of New Jersey from the rebate benefits and confining the rebate to homeowners who own and occupy the taxed residence as their principal dwelling place. In support of this contention appellants point to the second sentence of the amendment, relating to enhanced benefits for senior citizens and others, which explicitly conditions the enhanced benefits on residence in New Jersey. As appellants would read this amendment, persons 65 and over owning a home in New Jersey would be entitled to a homestead rebate wherever they reside, to the same extent as all other homeowners; they would, however, only be entitled to the enhanced benefits based upon their age if they resided in New Jersey.
The key to understanding the constitutional amendment and its implementing legislation must be found in the word *264 "homestead," a term which goes all but ignored in appellants' argument. Although "homestead" is undefined in the amendment and has obtained little currency in prior New Jersey jurisprudence, it has achieved a recognized meaning in common, every-day language, and in the established law of other jurisdictions. A homestead, in popular parlance, describes the home or residence of a family; it signifies the dwelling house in which the family resides, with the usual and customary appurtenances, including outbuildings necessary or convenient for family use. 40 Am. Jur.2d, Homestead, § 1 at 115-116. Cases from other jurisdictions are in accord. See Bank of Sun Prairie v. Hovig, 218 F. Supp. 767 (W.D. Ark. 1963) (to qualify for homestead exemption, the owner must be in actual occupancy of the dwelling); Tide Water Oil Co. v. Ross, 123 S.W.2d 479 (Tex. Civ. App. 1938), aff'd 145 S.W.2d 1089 (Tex. Sup. Ct. 1941) (homestead is a residence, and a person cannot have two places of residence both subject to the homestead exemption); Mutual Bldg. & Inv. Co., v. Efros, 152 Ohio St. 369, 89 N.E.2d 648 (Sup. Ct. 1949) (homestead requires actual occupancy, mere intention being insufficient).
We do not regard use of the term "homestead" in the amendment as being without significance to eligibility for the rebate. Had the framers of this amendment intended all residential property to be eligible, they could easily have so provided without reaching for a term previously without significance to New Jersey law. By this term, they sought to communicate the popularly understood concept of an owner's principal residence.
Appellants' argument derived from the express requirement of New Jersey residence for senior citizen eligibility for enhanced rebate benefits is unpersuasive. An earlier adopted constitutional amendment, authorizing property tax benefits to a $160 limit for the elderly, required residence in the taxed dwelling. N.J. Const. (1947) Art. VIII, § 1, par. 4. In a formal opinion of the Attorney General, issued *265 well before adoption of the amendment and legislation here under consideration, it was stated that the tax exemption allowed therein could be applied to only one dwelling house, and that dwelling must be where the claimant makes his "principal and permanent home." F.O. 1961, No. 12. We are unable to conceive of any reason why senior citizen eligibility for the limited benefit authorized by that amendment would require residence as would the enhanced benefit for the rebate under the amendment being considered here, while the general homestead rebate would be forthcoming with respect to any taxed home. Rather, we are entirely satisfied that the intent of both constitutional amendments as well as the Homestead Rebate Act was to limit tax benefits on the taxed homes to those making such home their principal residence.
The essential purpose of the rebate plan provides, however, the best basis for interpreting the amendment. By relieving the taxed homeowner of some portion of his property tax burden, the Legislature and the electorate sought to help the homeowner keep his home. The relief was not intended to lighten the tax burdens attendant upon vacation home ownership or use, nor was it intended to aid the taxpayer in owning two or more homes. Rather, it was intended to aid the taxpayer in times of escalating property taxes to keep a roof over his head. Senior citizens, many of whom were known to live on fixed incomes, and who consequently would feel the impact of rising taxes more keenly, were slated for even more relief.
This purpose was clearly evidenced by use of the term "homestead," a word particularly associated with an owner's principal residence. Appellants' reading of the amendment lacks congruence with this purpose and would diffuse the benefits among many, like themselves, who were not the intended beneficiaries of the relief afforded. To the extent that the Homestead Rebate Act reflects this requirement for eligibility thereunder, it is unquestionably in accord with the authority conferred by the amendment. Appellants' *266 contention of the act's unconstitutionality under the New Jersey Constitution lacks all merit.
Appellants fare no better with their contentions of unconstitutionality based upon alleged violations of the Privileges and Immunities Clause and equal protection guarantee of the Fourteenth Amendment of the United States Constitution. Appellants posit the infirmity of the act on its requirement of citizenship and residence in New Jersey as an indispensable condition to eligibility. Burdening nonresidents with higher property tax liability than residents, they argue, abuses the interests that the Privileges and Immunities Clause was designed to protect and, being an improper classification, also denies them equal protection of the law.
To the extent that the Homestead Rebate Act is read to disqualify nonresident homeowners simply on the basis of their nonresidency, appellants are, we conclude, indisputably correct. The Privileges and Immunities Clause traditionally has barred discrimination against citizens and residents of other states where there exists no substantial reason for the discrimination beyond the mere fact that they are citizens of another state. Toomer v. Witsell, 334 U.S. 385, 395-396, 68 S.Ct. 1156, 92 L.Ed. 1460 (1947). Thus, in Toomer v. Witsell, supra, the court held unconstitutional a South Carolina statute imposing a $2,500 per boat license fee upon nonresident shrimp fishermen while exacting only a $25 per boat fee from residents. In Travis v. Yale & Towne Mfg. Co., 252 U.S. 60, 40 S.Ct. 228, 64 L.Ed. 460 (1920), the court invalidated New York's individual income tax arrangement in which personal exemptions were granted only to resident taxpayers. In the more recent Austin v. New Hampshire, 420 U.S. 656, 95 S.Ct. 1191, 43 L.Ed.2d 530 (1975), residents of Maine working in New Hampshire were taxed under New Hampshire's Commuters Income Tax enactment. No New Hampshire resident was taxed on his income wherever earned. The only basis for the tax being the taxpayer's residence in New Hampshire, the court *267 struck down the statute as violative of the Privileges and Immunities Clause.
We do not, however, read the Homestead Rebate Act as disqualifying nonresidents from eligibility for the rebate merely on the ground of their nonresidency, despite the literal wording of the act which seems to so suggest. Rather, eligibility for the rebate is based upon the taxpayer's occupancy of the taxed home as his principal residence. Although it is axiomatic that one whose principal residence is in New Jersey cannot, by that fact, reside outside the State, such a truism cannot convert a classification based upon occupancy of a home as a principal residence into one based on mere status of New Jersey residency. Nonresidents are not rendered ineligible because of their nonresidence as such, but merely because by reason of their nonresidence they cannot, as a purely physical disability, occupy a residence upon which they pay New Jersey property taxes as their principal dwelling. The requirement that a rebate be with respect to taxes paid on a principal place of residence obtains with respect to both New Jersey residents and nonresidents. New Jersey residents who own a home in which they do not principally reside, are similarly ineligible for a rebate on the taxes paid on that home. Hence, no portion of the taxes paid on vacation homes by New Jersey residents may be rebated, notwithstanding a bona fide New Jersey residence or citizenship.
Nor can it be said that New Jersey residents are guaranteed at least one rebate, whereas nonresidents are guaranteed none. New Jersey residents who do not pay property taxes on a home constituting their principal residence are as ineligible for the rebate as are the nonresident appellants herein. This distinction is not merely academic. For example, residential tenants are afforded no rebate under the Homestead Rebate Act, but are afforded a $65 credit against income tax paid under the Income Tax Act. N.J.S.A. 54A:4-3. Hence, a New Jersey resident, who is living in a rented apartment and is liable for no New Jersey income tax will receive no *268 homestead rebate either by way of credit in income taxes or direct payment under the act. If he also owns a vacation home which he uses only during weekends and during the summer, a home which does not qualify as his principal place of residence, he will not be entitled to a homestead rebate against the property taxes paid for that home. In short, the discrimination is not against nonresidency as such, but only as against nonhomestead property, homes not used as the taxpayer's principal dwelling. See Logan v. Young, 191 Minn. 371, 254 N.W. 446 (Sup. Ct. 1934); Apartment Operators' Ass'n v. Minneapolis, 191 Minn. 365, 254 N.W. 443 (Sup. Ct. 1934).
The legislative classification of residential property into homestead and nonhomestead property, homes used as a family's principal residence as against those used for other less essential purposes, is, in our view, a legitimate one for allocating tax burdens. Where privileges and immunities concerns are not implicated, as we have stated they are not in this case, courts have traditionally accorded legislatures "large leeway in making classifications" with respect to taxing schemes. Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 359, 35 L.Ed.2d 351, 355, 93 S.Ct. 1001 (1973); Austin v. New Hampshire, supra. The classification here evidences the Legislature's attempt to blunt escalating property taxes that threaten a family's ability to continue living in their home. We have no doubt that lessening tax burdens for that essential reason, and denying relief to less essential types of residential property ownership, is well within the Legislature's discretion, and such taxing scheme does not deny equal protection of the law or, even when subjected to intense scrutiny, run afoul of the Privileges and Immunities Clause of the Federal Constitution.
Hence, the statutory language which, in its literal terms, appears to require New Jersey residence and citizenship as an essential basis for homestead rebate eligibility should be read as merely a shorthand means of emphasizing *269 the necessity that the homestead rebate be paid only with respect to taxes paid on the taxpayer's principal residence.[1]
Affirmed.
NOTES
[1] To the extent that the regulations adopted by the Division of Taxation suggest New Jersey residency or domicile as a condition apart from the requirement that the property, for which the rebate is claimed, be the taxpayer's principal residence, they should be re-examined and modified to comport with our holding herein. See e.g., N.J.A.C. 18:12-7.1(d).