**In re James MASON, Sr.**

**Curtis Cleve REDING, Trustee,**

**v.**

**James MASON, Sr. and John Paul Stanford.**

**Bankruptcy No. 82–01844.
Adv. No. 84–0042.**

United States Bankruptcy Court, M.D. Alabama.

Sept. 19, 1984.

Barry E. Teague, Montgomery, Ala., for Trustee, Curtis Cleve Reding.

Maurice S. Bell, Montgomery, Ala., for James Paul Mason, Sr.

ORDER ON OBJECTION TO DISCHARGE, COMPLAINT TO SET ASIDE A FRAUDULENT CONVEYANCE, AND COMPLAINT TO DENY THE DEBTOR'S CLAIM OF EXEMPT PROPERTY, FILED BY THE TRUSTEE

RODNEY R. STEELE, Bankruptcy Judge.

By an opinion entered today, the court has concluded in this case that the objection to discharge is not well taken, that the debtor's claim of a homestead exemption in certain property is due to be denied, and that the complaint filed by the trustee to set aside a fraudulent conveyance was proved, and it is therefore ORDERED:

1. The objection to discharge is hereby denied.

2. The complaint to deny the debtor his claim of a homestead exemption in property at Lake Martin, Route 1, Equality, Alabama, more particularly described as Lots 54 and 55 of Castleberry Estates, is hereby granted, the exemption is denied, and the trustee is authorized to take up that property as property of this estate, for the purposes of liquidating it.

3. The debtor's conveyance on July 29, 1980, recorded August 6, 1980, of his property at 404 Lurene Circle, Montgomery, Alabama, is hereby set aside as a fraudulent conveyance, and the trustee under Title 11, United States Code, Section 544 is authorized to take up that property and dispose of it as an asset of this estate, subject, however, to valid liens and encumbrances, and subject also to the equitable claim or right of John Paul Stanford to be paid from the proceeds from the sale of that house if trustee sells it, to the extent of the value given by John Paul Stanford or which was secured to John Paul Stanford by that conveyance.

OPINION

The parties submitted upon the complaint and the answers filed on July 16, and in open court on July 23, 1984. The trustee has filed a brief in this case on July 30, 1984.

On the issue of homestead rights in the property claimed as a homestead at Lake Martin, Route 1, Equality, Alabama, the evidence clearly shows that although the debtor has owned this property for some years, he has not used that property as his residence. He spends some time at that place each week or each month. But he is not registered to vote in Elmore County, and is registered to vote in Montgomery County. Moreover, he spends most of his time at the house at 404 Lurene Circle, Montgomery, which once was his homeplace. He still resides there. The utilities there are in his name. They were changed after bankruptcy and apparently in anticipation that this complaint relating to his homestead would be filed.

The testimony of an attorney, Mr. Frank Riggs, also supports this finding, since he testified that in a deposition taken by him, the debtor testified that he resided at 404 Lurene Circle.

The conclusion must be in this case that the debtor does not have a residence at Equality, Alabama, Route One, on those lots numbered 54 and 55 of Castleberry Estates, and that he cannot claim a homestead in that property. See *In re Brasington*, 10 B.R. 76 (1981).

As to the charge that the conveyance made by James D. Mason, Sr., to John Paul Stanford, his brother-in-law on July 29, 1980, was a fraudulent conveyance under the laws of Alabama, the findings are that such a conveyance was made at that time and between those parties. See Plaintiff's Exhibit No. 1.

And it appears that the conveyance was made at least in part, to secure an indebtedness which this debtor owed to his brother-in-law. The amounts of these debts are in controversy, but it appears that the debt was substantial, and according to Stanford's testimony, amounted to approximately $20,000. He was owed approximately $11,000 at the time he received the mortgage, and thereafter loaned an additional $9,000 to the debtor. His testimony was that the house is probably worth $60,000, and may be worth as much as $70,000 or $80,000. It is a four-bedroom, two-bath home, with 2500 to 3000 square feet.

In addition, the evidence supports a finding that the debtor continued to make the mortgage payments on the house after he conveyed it to his brother-in-law and that there is now a mortgage balance of approximately $17,000 on it.

It is also without serious contradiction that the debtor conveyed this property to his brother-in-law when he had considerable other indebtedness owing, and that he continued to live in the home after he conveyed it.

We must conclude from the testimony that this debtor did, indeed, fraudulently transfer the property at 404 Lurene Circle to his brother-in-law while he has other creditors owing, and that the value of the house exceeded the amount which he owed his brother-in-law and the amount of the mortgage.

But we cannot say that at the time it was conveyed that it was conveyed for a substantially inadequate consideration. Nor can we draw the conclusion that this defendant, John Paul Stanford, received the property with knowledge that debtor had any intention of defrauding his creditors. He was simply seeking to secure an antecedent debt which had been owed to him since at least 1978.

Under these circumstances, the conclusion must be that there is, indeed, a fraudulent conveyance, but that the conveyance will be recognized only as a security for the value actually paid by John Paul Stanford in this case.

Thus the trustee in this case may take up this property and have its title for the purpose of liquidating the property at 404 Lurene Circle, but must recognize in that connection, not only the mortgage which is owed on the property, but the value actually paid by John Paul Stanford for which the conveyance stood as security. See *J.C. Jacobs Banking Co. v. Campbell*, Ala.S.Ct. 1981, 406 So.2d 834; *Central Bank of Alabama, N.A. v. Ambrose*, Ala.S.Ct.1983, 435 So.2d 1203.

An appropriate order will enter.

# APPENDIX

494, 387

No. 1M SHORT WARRANTY DEED _____ COUNTY    Printed and for sale by Brown Prin... Ond 9-4 PAGE 0387

## WARRANTY DEED

THE STATE OF ALABAMA,
Montgomery _____ COUNTY.

KNOW ALL MEN BY THESE PRESENTS, that in consideration of _____ Ten & no/100 _____ DOLLARS
and other valuable considerations to the undersigned GRANTOR or GRANTORS in hand paid by the GRANTEE(S) herein, the receipt whereof, is hereby
acknowledged we, _____ James D. Mason, Sr., a widower _____

_____ (herein referred to as GRANTOR(S), do hereby GRANT, BARGAIN, SELL and CONVEY unto _____
John Paul Stanford _____ ...rein referred to as GRANTEE(S),

his _____ heirs and assigns, the following described Real Estate, situated in the County of ___ Montgomery ___ and State of Alabama,
to-wit:

Lot 1, Block 9, according to the Map
of Carol Villa No. 2 Plat "A", as said
Map appears of record in the office of
the Judge of Probate of Montgomery
County, Alabama, in Plat Book 21, at
page 25.

This conveyance is subject to all
easements, restrictions and rights
of way of record affecting the
above described property.

This conveyance is also subject to
a certain mortgage to Mortgage
Corporation of the South in the
approximate amount of $19,013.74.

PLAINTIFF'S
EXHIBIT
1

001.00 ; — A
060.50 ; ... A
001.50 ; ... A
028.00 ; — A
555466  3-6          031.00 ; : TL

TO HAVE AND TO HOLD, the aforegranted premises to the said GRANTEE(S), ___ his ___ heirs and assigns FOREVER.

And GRANTOR(S) do ___ covenant with the said GRANTEE(S), ___ his ___ heirs and assigns, that ___ he ___
lawfully seized in fee simple of the aforementioned premises; that they are free from all encumbrances, except as hereinabove provided; that ___ he ___
has s ___ a good right to sell and convey the same to the said GRANTEE(S), ___ his ___ heirs and assigns, and that GRANTOR(S) will WARRANT
AND DEFEND the premises to the said GRANTEE(S), ___ his ___ heirs and assigns forever, against the lawful claims and demands of all persons,
except as hereinabove provided.

IN WITNESS WHEREOF, ___ I ___ have hereunto set ___ my ___ hand ... seal, this 29th day of ___ July ___
19 80

WITNESS:

_____    James D. Mason Sr. (L. S.)

_____    _____ (L. S.)

_____    _____ (L. S.)

_____    _____ (L. S.)

THE STATE OF ALABAMA,
Montgomery ___ COUNTY.

I, ___ Linda Picht ___ a Notary Public in and for said State ___ and County
hereby certify that ___ James D. Mason, Sr., a widower ___

whose name ___ is ___ signed to the foregoing conveyance, and who ___ is ___ known to me ackno...ledged before me on this day, that, being informed
of the contents of the conveyance ___ has ___ executed the same voluntarily on the day the same bears date.
Given under my hand and official seal this ___ 29 ___ day of ___ July ___ 19 80

_____ a Notary Public.

FOR RECORDING ONLY
STATE OF ALA.
MONTGOMERY CO.
I CERT... ... ...MENT

AUG 6  11 58 AM 1980

_____

JUDGE OF PROBATE

The State of Alabama }
Montgomery, County }  Probate Court