**In re Steven H. TOMKO, t/a Tomko Oil and Gas and Carole C. Tomko, Debtors.**

**Bankruptcy Nos. 87–03238F, 87–03240F.**

United States Bankruptcy Court,
E.D. Pennsylvania.

June 28, 1988.

Timothy I. McCann, Sprecher, Felix, Visco, Hutchison & Young, Steven D. Usdin, Adelman Lavine Gold & Levin, Philadelphia, Pa., for secured creditor, John R. Kleiser.

Edward J. DiDonato, Ciardi, Fishbone & DiDonato, Philadelphia, Pa., for movant/debtors, Steven H. Tomko, t/a Tomko Oil and Gas and Carole C. Tomko.

John F. Murphy, Doylestown, Pa., Trustee.

James J. O'Connell, Philadelphia, Pa., Asst. U.S. Trustee.

## MEMORANDUM OPINION

BRUCE I. FOX, Bankruptcy Judge:

The debtors' motion to avoid a judicial lien held by John R. Kleiser gives rise to a very narrow question of statutory interpretation. The parties have stipulated to the relevant facts, which are now summarized.

## I.

Two debtors, Steven H. Tomko and Carole Tomko (who are husband and wife) filed voluntary petitions in bankruptcy under chapter 11 on June 30, 1987. A trustee was subsequently appointed in the Steven Tomko case as well as in the case of a related corporate entity which had also filed a voluntary petition. Among the estate property scheduled in the separate Carole and Steven Tomko bankruptcies was their entireties interest in the real property located at 13 East 20th Street, Barnegat Light, New Jersey. In addition, both debtors own as tenants by the entireties real property located at 1030 Leopard Road, Rydal, Pennsylvania. With the consent of all parties in interest, the trustee is in the process of selling the Barnegat Light property which has an agreed fair market value of $400,000.00. There are two mortgage liens on the Barnegat Light property totalling approximately $310,000.00. Kleiser holds a judgment lien, subordinated to these mortgage liens, in the amount of $623,000.00, which he acknowledges is a judicial lien within the meaning of 11 U.S.C. § 101(32) and subject to avoidance under 11 U.S.C. § 522(f)(1), to the extent that it impairs these debtors' exemptions.

Both debtors have opted to choose the federal exemptions, 11 U.S.C. § 522(b), provided in 11 U.S.C. § 522(d). Each debtor has asserted an exemption claim of $7,500.00 in the Barnegat Light property pursuant to 11 U.S.C. § 522(d)(1).

This dispute arises because the debtors lived, at the time of their bankruptcy filing, in the Rydal property. They are registered to vote at that address and their children attend school near Rydal. Both at the time of their bankruptcy filings and now, the Barnegat Light property is a vacation home located at the New Jersey shore, (i.e. a beach house), utilized by the debtors and their children during the summer months as their schedules permit. Even during summer months, the Barnegat Light property is not always occupied.

The consensual liens against the Rydal property exceed its fair market value. Thus, the debtors had no interest in that real estate which may be claimed as exempt under § 522(d). *In re Simonson,* 758 F.2d 103 (3d Cir.1985); *In re Bickleman,* 71 B.R. 135 (Bankr.E.D.Pa.1987). The issue then becomes whether they can exempt their interest in the Barnegat Light property under § 522(d)(1). Both the trustee and Kleiser argue that a vacation home is not a "residence" within the meaning of § 522(d)(1).

## II.

The debtors are claiming a statutory exemption pursuant to 11 U.S.C. § 522(d)(1). That subsection states:

(d) The following property may be exempted under subsection (B)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

Since the term "residence" is undefined by the Bankruptcy Code, it is necessary to consider the purpose behind this provision.

Prior to passage of the Bankruptcy Reform Act of 1978, bankrupts were limited to the allowance of exemptions as permitted by the state laws of the bankrupt's domiciliary state. Former 11 U.S.C. § 24; 1A *Collier on Bankruptcy* ¶ 6.01 *et seq.* (14th ed. 1977). Among the commonly provided state exemptions, (although not in Pennsylvania), were "homestead" exemptions. 1A *Collier on Bankruptcy* ¶ 6.15 (14th ed. 1977). *The Report of The Commission on the Bankruptcy Laws of the United States,* H.R.Doc. No. 93–137, 93d Cong. 1st Sess. Part I, at 170–173, Part II, at 125–128 recommended the adoption of federal bankruptcy exemptions in order to provide debtors with uniform exemption rights. *See generally* Vukovich, *The Bankruptcy Commission's Proposal Regarding Bankrupts' Exemption Rights,* 63 Cal.L.Rev. 1439 (1975). Specifically, in § 4–503(b)(1) of its proposed bill, the Com-

mission recommended an exemption for "Homestead or Property in Lieu Thereof" for property which the debtor "owned and was used at the date of the petition as a home....".

As part of the legislative process, Congress ultimately did not accept fully the Commission's recommendations regarding exemptions, and the need for uniformity. It did, though, enact § 522(d)(1) which was derived from H.R. 8200, 95th Cong. 1st Sess. (1977), U.S.Code Cong. & Admin. News 1978, p. 5787. House Report, No. 95-595, which accompanied H.R. 8200, explains § 522(d)(1):

> Subsection (d) specifies the Federal exemptions to which the debtor is entitled. They are derived in large part from the Uniform Exemptions Act, promulgated by the Commissioners of Uniform State Laws in August, 1976. Eleven categories of property are exempted. First is a homestead ... which may be claimed in real or personal property that the debtor or a dependent of the debtor uses as a residence.

*Id.,* at 361, U.S.Code Cong. & Admin.News 1978, p. 6317.[1]

Based upon this legislative history, I conclude that the purpose of subsection 522(d)(1) was to provide those debtors eligible to select the federal exemptions with a homestead exemption, and that the term "residence" must be interpreted in this light. *Accord In re Brent,* 68 B.R. 893, 895 (Bankr.D.Vt.1987) ("We assume that Congress intended the words homestead and residence to be interchangeable"); 3 *Collier on Bankruptcy* ¶ 522.10 at 522–48 (15th ed. 1987).

Whether a vacation home, used on occasion in the summer months by the debtors and their children, qualifies for a homestead exemption under § 522(d)(1) has not been addressed in any reported decision that the parties or I could locate. One reason for this silence is that prior to the passage of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAF-

JA), Pub.L. No. 95–353, a dispute such as the instant one would have been meaningless. Before BAFJA, 11 U.S.C. § 522(d)(5) allowed a debtor to apply the full unused homestead exemption to any property of the estate he desired. *See Augustine v. United States,* 675 F.2d 582 (3d Cir.1982); *In re Magnus,* 84 B.R. 976 (Bankr.E.D.Pa. 1988). Therefore, if a debtor had an interest in a vacation home subject to exemption due to the existence of equity, the result was the same whether § 522(d)(1) or (5) applied. BAFJA, though, reduced the exemption limits of subsection 522(d)(5) so that only 50% of the unused homestead exemption can now be allowed. Thus, in the matter *sub judice,* the debtors would be allowed a combined $15,000.00 exemption if § 522(d)(1) applies but only a combined $7,500.00 exemption (plus $800.00) if only § 522(d)(5) applies.

## III.

■ In support of their position, the debtors argue that the term "residence" used in § 522(d)(1) differs from the term "domicile" used in § 522(b). I agree; as *Collier* notes:

> "Domicile" as used in section 522 means more than mere residence. Although domicile and residence are often loosely used as synonymous, the specified enumeration of each in the Code indicates an intention to maintain a legal distinction between them. The residence of a debtor may be nothing more than a place of sojourn. While ordinarily used in a sense of fixed and permanent abode as distinguished from a place of temporary occupation, the term "residence" does not include the intention required for domicile. Domicile in its ordinary conflicts of law sense means actual residence coupled with a present intention to remain there. It is the place where one intends to return when he is absent and where he exercises his political rights.

3 *Collier on Bankruptcy* ¶ 522.06, at 522–28 (15th ed. 1987 (footnotes omitted). This

---

**1.** Section 4(a), (b) of the Uniform Exemptions Act, 13 Uniform Laws Annotated § 4 at 220 (Master ed. 1986) (which has not been widely adopted), refers to a "homestead exemption" in property used as a "home".

distinction though does not support the debtor's position, for *Collier* notes that a residence is generally a "fixed and permanent abode."

The general purpose of a homestead exemption is to "[immunize] the property occupied as a home by the owner thereof or his or her family from attachment and execution.... The exemption attaches automatically upon occupancy of real property as a home by the owner thereof or his (or her) family and ends upon the termination of such occupancy." Riesenfeld, *Homestead and Bankruptcy in Colorado and Elsewhere*, 56 U.Colo.L.Rev. `175, 177 (1985). Vacation homes such as the one here, which involve seasonal, sporadic occupancy[2], do not generally fall within the protection of state homestead laws. *See In re Mason*, 48 B.R. 382, 383 (Bankr.M.D. Ala.1984) (occasional occupancy is insufficient to confer homestead rights); *Bohl v. Bohl*, 234 Kan. 227, 670 P.2d 1344, 1347 (1983) ("At the time of the divorce the Arrowhead Drive property was a vacation home and not a 'homestead' "). *Rubin v. Glaser*, 166 N.J.Super. 258, 399 A.2d 984, 987–988 (1979) *aff'd. on other grounds*, 83 N.J. 299, 416 A.2d 382 (1980):

A homestead, in popular parlance, describes the home or residence of a family; it signifies the dwelling house in which the family resides....

\* \* \* \* \* \*

We do not regard use of the term "homestead" in the amendment as being without significance to eligibility for the [tax] rebate. Had the framers of this amendment intended all residential property to be eligible, they could easily have so provided.... By the term [homestead], they sought to communicate the popularly understood concept of an owner's principal residence.

\* \* \* \* \* \*

The relief was not intended to lighten the tax burdens attendant upon vacation

home ownership or use, nor was it intended to aid the taxpayer in owning two or more homes. Rather, it was intended to aid the taxpayer in times of escalating property taxes to keep a roof over his head.

*See also In re Estate of Galcia*, 59 Misc. 2d 511, 299 N.Y.S.2d 723 (Surr.Ct. N.Y. 1969) (N.Y. homestead exemption did not apply to vacation property). *Cf. Plante v. Gonzalez*, 575 F.2d 1119, 1138 (5th Cir. 1978) (Florida sunshine law for asset disclosure distinguishes between "residences" and "vacation homes").

## IV.

 Given the purpose of § 522(d)(1) and the debtors' use of the Barnegat Light property, I conclude that it is not their "homestead" and thus the debtors' interest in that property cannot be claimed as exempt under § 522(d)(1). That is not to say that a beach house could never be a "residence" under that subsection. *See, e.g., In re McMahon*, 60 B.R. 632 (Bankr.W.D.Ky. 1986) (houseboat and boat dock slips constitute the debtors' homestead under state law). Whether real property constitutes a "residence" is dependent upon the facts presented. *Matter of Neis*, 723 F.2d 584, 588 (7th Cir.1983). Here, though, the debtors' limited occupancy of the beach house, in favor of the Rydal property, precludes such a finding.

Therefore, I must deny the debtors' motion to avoid the judicial lien of Kleiser insofar as the motion is based upon an exemption under § 522(d)(1). However, the debtors do have the right to amend their exemption claims and may wish to assert the lesser exemption permitted by § 522(d)(5). Bankr.Rule 1009; *In re Magnus*. The order denying this motion will not preclude the debtors from so acting.

An appropriate order will be entered.

---

**2.** I recognize that there may be exceptions to the occupancy requirement in construing state homestead statutes. *See e.g., In re Brent,* (court order required absence); *In re Thomas,* 27 B.R. 367 (Bankr.S.D.N.Y.1983) (debtor left due to physical abuse); *In re Cameron,* 25 B.R. 119 (Bankr.N.D.Ohio 1982) (home made temporarily uninhabitable by fire damage). Such exceptions do not apply to the matter at bench, where the vacation property has always been used sporadically and seasonally, and where the debtors have another full-time, permanent residence.