**In re Edward J. BUICK, Debtor.**

**Stanley G. Makoroff, Trustee, Movant,**

**v.**

**Edward J. Buick, Respondent.**

**Bankruptcy No. 99–23659–MBM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Aug. 13, 1999.

608

· Stanley G. Makoroff, Blumling & Gusky, LLP, Pittsburgh, PA, for Chapter 7 Trustee.

James A. Prostko, Pittsburgh, PA, for Edward J. Buick.

## MEMORANDUM OPINION

M. BRUCE McCULLOUGH, Bankruptcy Judge.

Stanley Makoroff, the instant Trustee, objects to the exemption by the above-captioned debtor, pursuant to 11 U.S.C. § 522(d)(1), of $13,080 in proceeds from a post-petition sale of real property located at 3025 Timbercreek Drive, McKees Rocks, Pennsylvania (hereafter the "Timbercreek property"). The Trustee objects to the aforesaid exemption by the debtor because, according to the Trustee, the debtor did not utilize the Timbercreek property as his residence on May 13, 1999, which date is when the debtor filed his voluntary bankruptcy petition. The Trustee appears to base his conclusion that the debtor did not use the Timbercreek property as his residence on May 13, 1999, solely upon the fact that the debtor did not, as of said date, physically occupy said realty. The debtor counters the Trustee's objection by maintaining that he used the Timbercreek property as his residence on May 13, 1999, notwithstanding his physical absence from said realty on said date.

The Court does not understand the parties to dispute any of the underlying facts that pertain to a resolution of this matter. Furthermore, the Court does not understand the Trustee to seriously dispute any of the assertions which the debtor makes in his August 3, 1999 affidavit, which affidavit was filed with this Court on the same date. Finally, the Court discerns but one legal issue, and that is whether the Timbercreek property, as of May 13, 1999, was utilized by the debtor as his residence within the meaning of § 522(d)(1). For the reasons set forth below, the Court finds that the debtor continued to utilize the Timbercreek property as his residence on May 13, 1999, thereby dictating that this Court **UPHOLD** the debtor's exemption of the aforesaid proceeds under § 522(d)(1) and **OVERRULE** the Trustee's objection thereto.

## STATEMENT OF FACTS

The debtor purchased the Timbercreek property in 1992 and continuously occupied said realty from that time up to, and including, April 22, 1999. The debtor apparently owned the Timbercreek property at all times as a tenant by the entirety with his wife, from whom the debtor has apparently been separated since June 1997. On April 22, 1999, the debtor and his children, over whom he presently enjoys joint custody with his wife, vacated the Timbercreek property so as to comply with an April 19, 1999 order of the Pennsylvania Court of Common Pleas, Allegheny County (Family Division), which order, in no uncertain terms, (a) "ordered [the debtor] to vacate the marital residence [ (i.e., the Timbercreek property) ] within 3 days of the date of . . . [said] Order," and (b) directed the Sheriff's Office to "physically escort . . . [the debtor] from the premises" "[i]n the event . . . [that the debtor] refuse[d] to vacate the residence on his own [by April 22, 1999]." *See* Ex. C to Debtor's Affidavit. The April 19, 1999 order mandating the debtor's removal from the Timbercreek property was but the third in a series of orders from the Pennsylvania Common Pleas Court regarding the debtor's continued occupancy of said realty, with the other two orders having, *inter alia*, (a) dictated the listing for sale of said realty absent the debtor's curing of arrearages on a mortgage loan pertaining to said realty, and (b) directed the debtor's removal from the premises on April 15, 1999, in the event that he could not cure said arrearages. *See* Ex. A & B to Debtor's Affidavit.

After vacating the Timbercreek property, the debtor first moved into a hotel, staying there until approximately May 7, 1999. On or about May 7, 1999, and so as to account for his concern over retaining joint custody of his children, the debtor entered into a one-year lease on realty located at 1788 Pine Hollow Road, McKees Rocks, Pennsylvania (hereafter the "Pine Hollow property"), which realty was large enough to house both the debtor and his children. On May 13, 1999, the debtor filed his voluntary Chapter 7 petition commencing the instant case. The debtor and his wife entered into an agreement of sale for the Timbercreek property shortly after May 13, 1999, with a consummation of said sales agreement occurring on June 17, 1999. As a result of the aforesaid sale, the Trustee presently possesses the debtor's portion of proceeds therefrom totalling approximately $15,500, from which the debtor exempts the $13,080 presently in question.

## DISCUSSION

The debtor, having elected to take the federal exemptions under § 522(d), exempts the aforesaid $13,080 in proceeds pursuant to § 522(d)(1). 11 U.S.C. § 522(d)(1) provides, in pertinent part, for the exemption of "[t]he debtor's aggregate interest, not to exceed $16,150 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence." 11 U.S.C.A. § 522(d)(1) (West 1999). The Court concludes that the debtor may exempt the proceeds from the post-petition sale of the Timbercreek property under § 522(d)(1)—provided that the debtor utilized said realty as his residence on May 13, 1999—notwithstanding that only realty, and not proceeds derived from a sale thereof, is described as subject to exemption under § 522(d)(1) because (a) a debtor's entitlement to an exemption from property of a bankruptcy estate is "determined as of the filing date of . . . [a bankruptcy] petition," *In re Whitman*, 106 B.R. 654, 656 (Bankr.S.D.Cal.1989); *see also In re Heater*, 189 B.R. 629, 635 (Bankr. E.D.Va.1995); *In re Henry*, 183 B.R. 748, 751 (Bankr.N.D.Tex.1995); *In re Morgan*, 157 B.R. 467, 468–69 (Bankr.C.D.Cal. 1993), (b) the debtor filed his bankruptcy petition on May 13, 1999, and (c) the debtor's entirety interest in the Timbercreek property, rather than the proceeds in question, constituted property of his bankruptcy estate on May 13, 1999, since the

sale of said realty occurred subsequent to said date.[1] Based on the rationale set forth below, the Court also concludes that the debtor utilized the Timbercreek property as his residence on May 13, 1999.

In order to determine whether the debtor utilized the Timbercreek property as his residence on May 13, 1999, it is necessary to first ascertain the meaning of the term "residence" as it is used in § 522(d)(1). "Since the term 'residence' is undefined by the Bankruptcy Code, it is necessary to consider the purpose behind . . . [§ 522(d)(1) ]." *In re Tomko,* 87 B.R. 372, 373 (Bankr.E.D.Pa.1988). Although the legislative history accompanying passage of § 522(d)(1) is relatively scant, an examination of said history reveals the following relevant passage:

> Subsection (d) specifies the Federal exemptions to which the debtor is entitled. They are derived in large part from the Uniform Exemptions Act, promulgated by the Commissioners of Uniform State Laws in August, 1976. Eleven categories of property are exempted. First is a *homestead* . . . which may be claimed in real or personal property that the debtor or a dependent of the debtor uses as a residence.

H.R.Rep. No. 95–595, at 361 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6317 (emphasis added). From this passage at least two courts have subsequently concluded "that the purpose of subsection 522(d)(1) was to provide those debtors eligible to select the federal exemptions with a homestead exemption, and that the term 'residence' must be interpreted in this light." *Tomko,* 87 B.R. at 374 (Bankr. E.D.Pa.1988); *see also In re Brent,* 68 B.R. 893, 895 (Bankr.D.Vt.1987) ("We assume that Congress intended the words homestead and residence to be interchangeable"). This Court agrees with the preceding construction of the term "residence" as it is used in § 522(d)(1) and, thus, holds that it is appropriate to equate said term with "homestead" when applying § 522(d)(1).

Because the Bankruptcy Code does not define "homestead" either, it is appropriate, indeed it is necessary, for this Court to turn to relevant state law in order to fill in the gaps regarding a debtor's exemption of a homestead. *See In re Louis Rosenberg Auto Parts, Inc.,* 209 B.R. 668, 674 (Bankr.W.D.Pa.1997) (citing 19 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* §§ 4516, 4518 (2d ed.1996)); *United States v. Crain,* 589 F.2d 996, 999 (9th Cir.1979); *Brent,* 68 B.R. at 896. Furthermore, this Court must, when endeavoring to ascertain the scope of an exemption for a homestead, turn to the relevant law of states other than Pennsylvania given that Pennsylvania does not provide for a homestead exemption. *See Tomko,* 87 B.R. at 373. Surveying the law of other states regarding homestead exemptions, it appears to this Court generally that (a) a property does not constitute a homestead unless it is occupied, either actually or constructively, *see, e.g., Brent,* 68 B.R. at 895; *Tomko,* 87 B.R. at 375, *In re Miller,* 103 B.R. 65, 67 (Bankr.N.D.N.Y. 1989), (b) "[o]nce a property has become a homestead, [however,] it can lose its character [as such] only through death, alienation, or abandonment," *Brent,* 68 B.R. at 896 (citing *Sakowitz v. McCord,* 162 S.W.2d 437, 439 (Tex.Civ.App.1942)), (c) "[a]bsence from the homestead that is involuntary or compulsory does not constitute a relinquishment of homestead rights; in order to constitute an abandonment of a homestead, the absence must be voluntary and not under compulsion," *Id.; see also In re Cycyk,* 29 B.R. 722, 724 (Bankr. N.D.Ohio 1983) ("an 'enforced absence' does not act as an abandonment"), and (d) an involuntary or compelled absence from the homestead thus constitutes either an exception to the homestead occupancy requirement, *see Tomko,* 87 B.R. at 375 n.2, or a constructive form of occupying a

---

1. Of course, the proceeds continue to constitute property of the debtor's bankruptcy estate at this time pursuant to 11 U.S.C. § 541(a)(6).

homestead. *See Miller,* 103 B.R. at 67 ("Absent special circumstances justifying a *constructive presence, such as those arising in a discordant marital situation,* actual occupancy of the disputed property ... is a prerequisite to exercising the homestead exemption").

Applying the preceding law to the instant facts, the Court finds that (a) the Timbercreek property undoubtedly became the debtor's homestead in 1992 when the debtor purchased and then proceeded to physically occupy said realty, (b) the debtor retained the aforesaid homestead from 1992 until April 22, 1999, by continuously physically occupying said realty during said period, (c) the debtor did not abandon said homestead on April 22, 1999, when he physically vacated said realty because his absence therefrom subsequent to said date was involuntary and compelled by the Pennsylvania Common Pleas Court order of the same date mandating his removal from said realty,[2] (d) the debtor did not otherwise voluntarily alienate or transfer the property prior to May 13, 1999, and (e) the debtor thus continued to occupy the Timbercreek property constructively on May 13, 1999, when he filed his bankruptcy petition. Accordingly, the Court holds that the debtor utilized the Timbercreek property as his homestead or residence on May 13, 1999.

### CONCLUSION

Because the debtor utilized the Timbercreek property as his homestead or residence on May 13, 1999, the Court must **UPHOLD** the debtor's exemption of the aforesaid proceeds under § 522(d)(1) and **OVERRULE** the Trustee's objection thereto.

2. As further evidence that the debtor did not voluntarily vacate the Timbercreek property, the Court points to the fact that the debtor (a) did not so vacate until no less than three pertinent state court orders were entered, (b) initially stayed in a hotel after removing himself from the Timbercreek property, and (c) only entered into the one-year lease of the Pine Hollow property so as to account for his concern over retaining joint custody of his children.