**In re Richard Allen BROWN and Dawn Marie Brown, Debtors.**

**No. 03–70327 HDH–13.**

United States Bankruptcy Court,
N.D. Texas,
Wichita Falls Division.

Sept. 17, 2003.

Robert O. Rafuse, Rafuse and Bianchi, Wichita Falls, TX, for Debtors.

Marc McBeath, Office of the Chapter 13 Trustee, Lubbock, TX, Chapter 13 Trustee.

## MEMORANDUM OPINION

HARLIN D. HALE, Bankruptcy Judge.

May the Debtors, who reside on a military base, utilize Bankruptcy Code § 522(d)(1) and claim a timeshare at a vacation resort as exempt?

### Factual Background

The facts are undisputed. Debtors, Richard Allen Brown and Dawn Marie Brown, have their primary residence on a Texas military base. They elected the federal exemptions and seek to exempt their interest in a timeshare located in Orlando, Florida, referred to in their schedules as the "Seaworld Timeshare." Debtors use this timeshare as a temporary vacation home for, at most, two weeks a year when they are in Florida. They value their interest in the timeshare at $5,000.00.

The Chapter 13 Trustee timely objected to Debtors' claim of exemption. The Trustee contends that the Debtors' Florida timeshare does not constitute a residence for purposes of the federal exemption. In response, Debtors assert that a plain reading of the provision permits them to exempt their timeshare because it is their residence when they are in Florida.

### Legal Analysis

#### Burden of Proof

The Debtors claim a statutory exemption for their timeshare under 11 U.S.C. § 522(d)(1). Under Federal Rule of Bankruptcy Procedure 4003(c), the party objecting to a claimed exemption bears the burden of proving lack of entitlement.

*In re Laing,* 242 B.R. 538, 539 (Bankr. S.D.Fla.1999); Fed. R. Bankr.P. 4003(c).

### Exemptions: A Brief Overview

▮ An exemption is "an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor." *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). "The purpose of exemptions in bankruptcy is to facilitate a debtor's 'fresh start' by allowing retention of sufficient resources to sustain basic needs." *See, In re Wegrzyn,* 291 B.R. 2, 9 (Bankr.D.Mass. 2003). Federal exemptions are available to debtors who reside in states that have not enacted "opt out" legislation pursuant to 11 U.S.C. § 522(b)(1). *See, Owen,* 500 U.S. at 308, 111 S.Ct. at 1835. Texas is part of a decided minority of states that have not opted out. *See, In re Volpe,* 943 F.2d 1451, 1452 (5th Cir.1991) (holding that Texas debtors can elect either state exemptions or federal exemptions in § 522(d) of the Bankruptcy Code); *In re Kang,* 243 B.R. 666, 668 (Bankr.N.D.Tex. 1999). Therefore, Debtors, as domiciliaries of Texas, may utilize the federal exemptions.

### Exemption Under 11 U.S.C. § 522(d)(1)

The exemption under which the Debtors are attempting to exempt their timeshare is codified in 11 U.S.C. § 522(d)(1), which states in pertinent part:

(d) The following property may be exempted under section (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $17,425 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a

burial plot for the debtor or a dependent of the debtor. (emphasis added)

▮ In order to determine whether the Debtors' timeshare qualifies as a "residence" for purposes of the federal exemptions, this Court must first look to the language of the statute. "It is a universally recognized rule of statutory construction that a court should look first to the language of the statute to determine the legislative purpose." *In re Stalvey & Associates, Inc.,* 750 F.2d 464, 470 (5th Cir.1985) (quoting *SEC v. Ambassador Church,* 679 F.2d 608, 611 (6th Cir.1982)). In *U.S. v. Ron Pair Enterprises, Inc.,* the Supreme Court set forth the plain meaning doctrine for construing the complex Bankruptcy Code, stating, "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.'" *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–242, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989)(quoting *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). The plain meaning construction of the Bankruptcy Code has become the coin of the realm. When the language of the Bankruptcy Code is sufficient to determine legislative intent, courts enforce the words without reference to legislative history or pre-Code practice. *In re Bethea,* 275 B.R. 284, 291 (Bankr. N.D.Ill.2002). However, in the present case, plain meaning gets the Court only so far.

▮ Under § 522(d)(1) a debtor is permitted to claim an exemption in property he or she uses as a residence. However, the term "residence" is not defined in the Bankruptcy Code. Outside of the Bankruptcy Code, the term has a plethora of meanings. As one bankruptcy court so aptly put it, residence is "one of the most

nebulous terms in the legal dictionary and can have many different meanings depending on the context in which it is used." *In re Frame*, 120 B.R. 718, 723 (Bankr. S.D.N.Y.1990). Thus, this Court must look beyond the language of the statute and further examine the intent of Congress in the context of the federal exemption.

In examining the legislative history, it is clear that Congress intended § 522(d)(1) to provide debtors with a homestead exemption. *See, In re Marsico*, 278 B.R. 1, 5 (Bankr.D.N.H.2002)(quoting *In re Tomko*, 87 B.R. 372, 374 (Bankr. E.D.Pa.1988)). The court in *Tomko* noted that House Report 95–595, in describing the exemptions contained in § 522, stated, "First is a homestead ... which may be claimed in real or personal property that the debtor or a dependent of the debtor uses as a residence." *Tomko*, 87 B.R. at 374 (quoting H.R.Rep. No. 95–595, at 361 (1977), *reprinted in* 1978 U.S.C.C.A.N., 5787, 6317). The court concluded that "the purpose of subsection 522(d)(1) was to provide those debtors eligible to select the federal exemptions with a homestead exemption, and that the term 'residence' must be interpreted in this light." *Id.* Effectively, for purposes of § 522(d)(1), the terms "residence" and "homestead" are equivalent and interchangeable. *See, In re Anderson*, 240 B.R. 254, 256 (Bankr. W.D.Tex.1999).

A homestead, as a property interest, is defined by state law. *See, Nobelman v. American Sav. Bank*, 508 U.S. 324, 329, 113 S.Ct. 2106, 2110, 124 L.Ed.2d 228 (1993) (quoting *Butner v. U.S.*, 440 U.S. 48, 54–55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979)); *In re Universal Seismic Assocs.*, 288 F.3d 205, 208 (5th Cir.2002). Because the timeshare at issue is located in Florida, the Court must examine Florida law to determine whether the timeshare qualifies

for an exemption under § 522(d)(1). *See, In re Anderson*, 240 B.R. 254, 257 (Bankr.W.D.Tex.1999)("[P]roperty interests and estates are to be dealt with in the bankruptcy courts in such manner as to give full respect to the rules of property followed in the state where the property is located.")(quoting *Community Nat'l Bank and Trust Co. v. Persky (In re Persky)*, 134 B.R. 81, 85 (Bankr.E.D.N.Y.1991), quoting *Reid v. Richardson*, 304 F.2d 351, 353 (4th Cir.1962)).

Under Florida law, it is well settled that a homestead is established by "actual intention to live permanently in a place, [sic] coupled with actual use and occupancy." *Colwell v. Royal Int'l Trading Corp.*, 226 B.R. 714, 719 (S.D.Fla.1998)(quoting *In re Brown*, 165 B.R. 512, 514 (Bankr.M.D.Fla.1994) and citing *Hillsborough Investment Co. v. Wilcox*, 152 Fla. 889, 13 So.2d 448, 451 (1943)); *see also, In re Mead*, 255 B.R. 80, 84 (Bankr.S.D.Fla.2000). Although this Court is unaware of any case addressing the issue of whether a timeshare constitutes a homestead under Florida law, the Court is confident that the timeshare at issue here does not fit within the definition of homestead established by the Florida courts. The Debtors in this case maintain their permanent residence on a military base in Texas. They have no intention of changing their permanent residence to the timeshare, nor would they have that option because they are only able to occupy the timeshare for two weeks of the year. Such a limited occupancy, coupled with the lack of intent or ability to use the timeshare as a permanent residence, results in a finding that the Debtors' timeshare in this case does not qualify as a homestead under Florida law and, therefore, would not be exempt under the Bankruptcy Code.

This finding comports with the purpose of the homestead exemption, which is to assist a debtor in keeping a roof over his head, *see, In re Tomko*, 87 B.R. 372, 375 (Bankr.E.D.Pa.1988)(quoting *Rubin v. Glaser*, 166 N.J.Super. 258, 399 A.2d 984, 987–88 (1979), *affi'd on other grounds*, 83 N.J. 299, 416 A.2d 382 (1980)), and with the purpose of exemptions, in general, which is to preserve a debtor's access to property that is essential to "life and livelihood." *In re Christo*, 228 B.R. 48, 52 (1st Cir. BAP 1999)(quoting Hon. Wm. Houston Brown, "Political and Ethical Considerations of Exemption Limitations: The 'Opt–Out' as Child of the First and Parent of the Second," 71 Am.Bankr.L.J. 149, 163 (Spring, 1997)). The Fifth Circuit has held that "the purpose of homestead exemption laws is to protect the possession and enjoyment of an individual in property that is used as his or her home." *In re Claflin*, 761 F.2d 1088, 1091 (5th Cir.1985). Exempting the Debtors' timeshare, which is used by the Debtors as a *vacation* home and not as their family home, would not be in line with the purposes of exemption provisions, in general, and homestead exemptions, in particular. *See, Tomko*, 87 B.R. at 375 (which, in holding that a vacation home did not qualify for exemption under § 522(d)(1), stated that "Vacation homes . . ., which involve seasonal, sporadic occupancy do not generally fall within the protection of state homestead laws.") (citations omitted).

### CONCLUSION

Given the purpose of the federal homestead exemption and the nature of the Debtors' interest and use of their Florida vacation timeshare, this Court concludes that the timeshare is not a "homestead," under Florida law, and thus cannot be claimed as exempt under the federal homestead exemption provision. Therefore, the Court must sustain the Trustee's objection to the Debtors' claim of exemption in their Florida timeshare because it is not a "residence" for purposes of § 522(d)(1) of the Bankruptcy Code. Accordingly, the Trustee's Objection to the Debtors' claim of exemption in their Florida timeshare, pursuant to 11 U.S.C. § 522(d)(1), is sustained.