**IN RE: Steven G. SHARKEY, and Sandra E. Sharkey, Debtors.**

**Case No. 16–44445**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Signed February 16, 2017

Sonya N. Goll, Stevenson & Bullock, P.L.C., Southfield, Michigan, Attorney for Creditor, Stevenson & Bullock, P.L.C.

David H. Lewiston, Adam L. Wiener, Law Office of David H. Lewiston, Bingham Farms, Michigan, Attorneys for Debtors

Marilyn R. Somers-Kantzer, Kimberly Shorter-Siebert, Attorneys for Tammy L. Terry, Chapter 13 Trustee, Detroit, Michigan

## OPINION REGARDING CREDITOR'S OBJECTION TO THE DEBTOR STEVEN G. SHARKEY'S FIFTH AMENDED CLAIM OF EXEMPTIONS, AND REGARDING CREDITOR'S REQUEST FOR SANCTIONS AGAINST DEBTORS' ATTORNEYS

Thomas J. Tucker, United States Bankruptcy Judge

### I. Introduction

This case presents a dispute over the efforts of Debtor Steven G. Sharkey ("Debtor") to exempt his interest in two annuity contracts. The Court held a hearing on December 15, 2016, regarding the objection by the creditor Stevenson & Bullock, P.L.C. (the "Creditor") to Debtor's fifth amended claim of exemptions (Docket # 127, the "Objection to Exemptions"), and the Creditor's related request for sanctions against Debtor's attorneys under 28 U.S.C. § 1927. The Chapter 13 Trustee joined in the Objection to Exemptions, by filing a concurrence.[1]

For the reasons stated in this opinion, the Court will enter an order sustaining the Creditor's Objection to Exemptions, but denying the Creditor's request for sanctions.

### II. Jurisdiction

This Court has subject matter jurisdiction over this bankruptcy case and this contested matter under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This contested matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B), and 157(b)(2)(O). This matter also is "core" because it is "created or determined by statutory provision[s] of title 11," namely, 11 U.S.C. §§ 522(b)(3) and 522(b)(4). *See generally Allard v. Coenen (In re Trans–Industries, Inc.)*, 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009).

### III. Background

This bankruptcy case began as a Chapter 7 case, when Debtor and his spouse, Sandra Sharkey, filed their voluntary Chapter 7 petition on March 25, 2016. Michael Stevenson was appointed the Chapter 7 Trustee, and his law firm, Stevenson & Bullock, P.L.C. (the Creditor) represented the Trustee. On Debtors' motion, the case was later converted to Chapter 13, by an order entered on June 22, 2016.[2] The Creditor has an allowed Chapter 7 administrative expense, for its work in representing the Chapter 7 Trustee before the case was converted to Chapter 13. In an order entered on August 25, 2016, the Court granted the Creditor's application for allowance of administrative fees and expenses, in the reduced amount of $6,450.00 in fees plus expenses of $30.34, for a total allowed administrative expense of $6,480.34.[3]

There has been substantial litigation, in both the Chapter 7 and the Chapter 13 phases of this case, over Debtor's efforts to exempt his interest in two annuities. The annuities at issue will be referred to as the "Hartford Annuity" and the "Nationwide Annuity" and these are discussed .

---

1. Docket # 133.

2. Docket # 53.

3. Docket # 89.

in more detail below. During the Chapter 7 phase of this case, the Chapter 7 Trustee objected to Debtor's initial claim of exemptions, and his first amended claim of exemptions.[4] Then Debtors filed their motion to convert the Chapter 7 case to Chapter 13, and the Trustee objected to that motion.[5] Debtors then filed their second amended claim of exemptions.[6]

The Court held a hearing on June 15, 2016, and scheduled the Trustee's objection to exemptions for a further, non-evidentiary hearing, and granted leave for the Trustee and Debtor to conduct discovery.[7]

Before the further hearing was held, however, the Court held a hearing on Debtors' motion to convert to Chapter 13, on June 22, 2016. At the conclusion of that hearing, the Court granted Debtors' motion to convert, with certain conditions, and then entered an order converting the case.[8] The conversion of this case terminated the services of the Chapter 7 Trustee, and mooted the Chapter 7 Trustee's objection to exemptions.

On July 1, 2016, Debtors filed their third amended claim of exemptions and a proposed Chapter 13 Plan.[9] The Creditor then filed its application for allowance of Chapter 7 administrative expenses, on July 6, 2016. After Debtors filed an objection to that application, the Court held a hearing on August 25, 2016, and granted the appli-

cation in a reduced amount, as noted above.[10]

Meanwhile, on July 25, 2016, the Creditor filed its own objection to Debtor's third amended claim of exemptions, and an objection to confirmation of Debtors' proposed Chapter 13 Plan.[11] After Debtor did not timely respond to the Creditor's objection to exemptions, the Court entered an order on August 15, 2016, sustaining the objection.[12] That order was later vacated, however, after Debtor successfully moved for relief from and reconsideration of the August 15 Order.[13] In granting that relief, the Court found excusable neglect on the part of Debtor's counsel in failing to timely respond to the objection to exemptions. The Court also ruled that the Creditor's objection to exemption had been timely filed, and the Court scheduled that objection for a hearing. The Court held the hearing on November 3, 2016, and entered an order the next day.[14] The Court disallowed Debtor's then-most recent amended claims of exemption in the Hartford Annuity and the Nationwide Annuity, in their entirety, but without prejudice to the right of Debtors to file yet another set of amended exemption claims.

On November 8, 2016 Debtors filed their fourth amended claim of exemptions, and then refiled them on November 10, 2016 with a corrected cover sheet.[15] The Creditor then timely objected to the latest amended claim of exemptions, on Novem-

---

4. Docket ## 18, 23.

5. Docket ## 31, 35.

6. Docket # 44.

7. Order, filed June 15, 2016 (Docket # 48).

8. Docket # 53.

9. Docket ## 58, 60.

10. Docket ## 64, 67; Docket # 89 (Order, filed August 25, 2016).

11. Docket ## 74, 76.

12. Docket # 86.

13. *See* Opinion and Order, filed October 21, 2016 (Docket # 109).

14. Docket # 111.

15. Docket ## 112, 115.

ber 22, 2016.[16] That Objection to Exemptions is now before the Court, as is a request for sanctions that the Creditor included in its Objection to Exemptions. After the Chapter 13 Trustee concurred in the Creditor's Objection to Exemptions, and Debtor timely responded, the Court held a hearing on December 15, 2016. The matter is now ready for decision.

In their original claims of exemption (Schedules C) and in the first three amended claims of exemption, Debtors claimed exemptions under the federal exemption provisions of § 522, namely, 11 U.S.C. §§ 522(b)(2) and 522(d). During the November 3, 2016 hearing, Debtor's counsel stated that Debtors wanted to switch to claiming exemptions under the state law exemptions, namely, under 11 U.S.C. § 522(b)(3) and the Michigan exemption statute applicable to bankruptcy debtors, Mich. Comp. Laws § 600.5451. After the Court allowed this, Debtors filed their fourth and fifth amended claims of exemption, each of which claimed exemptions under the state law exemption provisions. As discussed below, Debtors did this after their attorneys conceded, during the November 3, 2016 hearing, that Debtor had no valid claim of exemption for the Hartford Annuity or the Nationwide Annuity under the federal exemptions.

In Debtor's most recent and currently-operative amended Schedules C, Debtor Steven Sharkey claims an exemption for the entire value of the Hartford Annuity ($78,897.00) and for the entire value of the Nationwide Annuity ($17,778.00), each under the following statutory provisions:

- Mich. Comp. Laws § 600.5451(1)(k);
- 11 U.S.C. § 522(b)(3)(C); and
- "11 U.S.C. § 522(b)(4)(A)(B)" [17]

These are discussed in part IV.C of this opinion, below.

## IV. Discussion

### A. Some general principles about exemptions

Initially, the Court reiterates the following general principles regarding exemptions, which the Court stated in a prior case, *In re Kizer*, 539 B.R. 316, 319 (Bankr. E.D. Mich. 2015):

> The Trustee and the Creditor bear the burden of proving that the Debtor's claimed exemptions ... "are not properly claimed." *See* Fed.R.Bankr.P. 4003(c); *see also In re Demeter*, 478 B.R. 281, 286 (Bankr. E.D. Mich. 2012); *In re John*, 459 B.R. 684, 689 (Bankr. E.D. Mich. 2011). And the Court must construe exemptions liberally, in favor of the Debtor. *See Demeter*, 478 B.R. at 286; *In re Hanh Hieu Dang*, No. 11–10091, 473 B.R. 218, 220–21 (Bankr. W.D. Mich. 2012)("Exemptions are to be liberally construed in favor of a debtor.")(citing *Menninger v. Schramm (In re Schramm)*, 431 B.R. 397, 400 (6th Cir. B.A.P. 2010) and Fed.R.Bankr.P. 4003(c)).

> The Court must determine Debtor's claimed exemptions as of the date he filed his bankruptcy petition. *See Lawless v. Newton (In re Lawless)*, 591 Fed.Appx. 415, 417 (6th Cir. 2014); *Demeter*, 478 B.R. at 286; *Hanh Hieu Dang*, 473 B.R. at 220–21 ("Exemptions are determined as of the filing date."); *In re Buick*, 237 B.R. 607, 609 (Bankr. W.D. Pa. 1999) and cases cited therein (holding that a debtor's entitlement to an exemption under § 522(d)(1) is "determined as of the filing date of ... [a bankruptcy] petition").

---

**16.** Docket # 127.

**17.** Docket # 115 at pdf p.3.

## B. The Creditor's standing to object to exemptions

Debtors argue that the Creditor lacks standing to object to Steven Sharkey's claims of exemption in the Hartford Annuity and the Nationwide Annuity. Debtors note that the Creditor's allowed claim is entirely an administrative claim, entitled to priority under Bankruptcy Code § 507. So Debtors cannot confirm a Chapter 13 plan unless the plan at least provides for the full payment, in deferred cash payments, of the Creditor's claim (unless the Creditor agrees to a different treatment). *See* 11 U.S.C. §§ 1322(a)(2), 1325(a)(1), 507(a)(2), 503(b). And Debtors' Chapter 13 plan, which has not yet been confirmed, provides that the Creditor's claim will be paid in full.[18] Debtors argue that because the Creditor's claim must and will be paid in full under their Chapter 13 plan, it makes no difference financially to the Creditor whether the annuities at issue are deemed exempt or not—in either case, the Creditor's claim will be paid in full in this Chapter 13 case.

In response, the Creditor argues that as the holder of an allowed administrative expense in this case, it is a "party in interest," at least until its claim is actually paid in full. And Fed. R. Bankr. P. 4003(b)(1) says that, with exceptions not applicable, "a party in interest" may file an objection to a debtor's claimed exemptions. The Creditor also argues that Debtor's standing argument should be rejected on the basis of *laches*, because Debtors waited too long to first challenge the Creditor's standing.

In addition, the Creditor argues that the Chapter 13 Trustee's "concurrence" to the Creditor's objections to exemption (Docket # 133), which was filed on December 1, 2016, should be viewed as a timely objection by the Chapter 13 Trustee to Steven Sharkey's claims of exemptions in the annuities. Debtors do not dispute that the Chapter 13 Trustee has standing, on behalf of the general unsecured creditors in this case, to object to Debtor's exemptions. But as the Creditor's counsel concedes, the Trustee's concurrence and the Trustee's standing to object to exemptions do not give the Creditor its own standing to object.[19]

■■■ "Generally, to have standing in a bankruptcy case, 'a person must have a pecuniary interest in the outcome of the bankruptcy proceedings.' " *In re Moss*, 320 B.R. 143, 149 (Bankr. E.D. Mich. 2005) (citations omitted). The Court finds that the Creditor does have a sufficient pecuniary interest in the outcome of the exemption issue to give the Creditor standing to object to the exemptions.

Regardless of what Debtors' Chapter 13 plan proposes, and regardless of what that plan must propose in order to be confirmed, at this point there is no guarantee that Debtors' proposed plan, or any later-amended plan Debtors may file, actually will be confirmed. Indeed, the Chapter 13 Trustee and the Creditor each have objected to confirmation, including on grounds unrelated to the outcome of the exemption dispute.[20] One of the Creditor's objections to confirmation, for example, is that Debtors' current plan is not feasible, as required by 11 U.S.C. § 1325(a)(6) (requirement that "[t]he debtor will be able to make all payments under the plan and to comply with the plan[.]") As recently as

---

18. Chapter 13 Plan (Docket # 122) at 4, section III.B.4.

19. Transcript of December 15, 2016 Hearing (Docket # 159) at 24–25. (This transcript is cited in this opinion below as "12/15/16 Hr'g Tr. at ___.")

20. Docket ## 128, 84.

February 1, 2017, Debtors filed a Confirmation Hearing Certificate that states that the Trustee's objections and the Creditor's objections are not resolved, but rather "are at an impasse in attempting to resolve these objections despite all reasonable efforts."[21]

Furthermore, even if Debtors do manage at some point in the future to confirm a plan, there is no guarantee that Debtors will successfully complete that plan, by making all of the required payments and meeting all of the other requirements of the plan.

For these reasons, it is certainly possible that Debtors' Chapter 13 case will fail, as many Chapter 13 cases do, and that this case will be converted back to Chapter 7.[22] In that event, it appears that Debtor's interest in the annuities at issue will be the only possible asset of the bankruptcy estate from which the Chapter 7 Trustee can pay any claims, including the administrative claim of the Creditor that has already been allowed. Therefore, it does matter to the Creditor whether Debtor's claimed exemption in these annuities is allowed or disallowed.

During the December 15 hearing, Debtor's counsel suggested, without citing any authority, that in such a re-conversion scenario, the Creditor would be able to object anew to Steven Sharkey's claimed exemption in the annuities, after conversion back to Chapter 7.[23] Because of this, Debtors suggest that the exemption issue does not matter financially to the Creditor, unless

*and until* this Chapter 13 case is ever converted back to Chapter 7.

The Court must reject this argument, because there is clearly at least one scenario in which the Creditor would *not* have a fresh opportunity to object to Debtor's exemptions after a re-conversion to Chapter 7. Under Fed. R. Bankr. P. 1019(2)(B), a new time period for filing an objection to a claim of exemptions commences under Rule 4003(b) "after conversion of a case to Chapter 7," except in two situations. Under the rule, no such fresh time period for objection arises if:

(i) the case was converted to chapter 7 more than one year after the entry of the first order confirming a plan under chapter 11, 12, or 13; or

(ii) the case was previously pending in chapter 7 and the time to object to a claimed exemption had expired in the original chapter 7.

Fed. R. Bankr. P. 1019(2)(B). It is not entirely clear whether or how the second of these exceptions would apply under the circumstances of this case, but under the first of these exceptions it is clear, at a minimum, that the Creditor would not be able to file a new objection to exemptions if this case converted back to Chapter 7 more than a year after confirmation of a Chapter 13 plan. (And Debtors are proposing a 60–month plan).

For these reasons, the Court concludes that the Creditor does have a sufficient pecuniary interest to have standing to object to Debtor's exemptions now.

---

21. Debtors' Confirmation Hearing Certificate, filed February 1, 2017 (Docket # 158).

22. It is also possible that this case would be dismissed, rather than converted back to Chapter 7, if Debtors' plan failed. But the Order converting this case from Chapter 7 to Chapter 13 says that there will be no dismissal of this case until after all parties in interest are first given a 21–day notice and opportunity to object to dismissal. (*See* Order (Docket # 53) at ¶ 3). The Creditor no doubt would object to dismissal, and argue instead for conversion back to Chapter 7.

23. 12/15/16 Hr'g Tr. at 61–62.

### C. The merits of Debtor's claims of exemption

As noted above, Debtor Steve Sharkey's latest amended claim of exemptions lists three statutory provisions as the basis for claiming as exempt the entire value of the Hartford Annuity and the Nationwide Annuity. During the December 15, 2016 hearing, however, Debtor through his attorney abandoned all but one of these statutory provisions, conceding that the annuities are not validly exempt under the abandoned statutory grounds. The Court will discuss each statutory provision separately.

### 1. Mich. Comp. Laws § 600.5451(1)(k)

Debtor's latest amended Schedule C first lists Mich. Comp. Laws § 600.5451(1)(k) as a basis for exempting the annuities. With certain specified limitations, that section in the Michigan bankruptcy exemption statute permits a debtor to exempt "[a]ll individual retirement accounts, including Roth IRAs, or individual retirement annuities as defined in section 408 or 408a of the internal revenue code, 26 USC 408 and 408a, and the payments or distributions from those accounts or annuities." During the December 15 hearing, Debtor's counsel conceded that neither of the annuities is exempt under this statutory provision, because neither of the annuities is an individual retirement account or individual retirement annuity, as defined in § 408 or § 408A of the Internal Revenue

Code, 26 U.S.C. §§ 408 and 408A. While the Hartford Annuity and the Nationwide Annuity are both annuity contracts, neither annuity is an "individual retirement annuity" as defined in 26 U.S.C. § 408(b). One of the requirements in order to be such an "individual retirement annuity" is that the annuity contract "is not transferrable by the owner." 26 U.S.C. § 408(b)(1). It is clear and undisputed that each of the annuities in this case *is* transferrable by the owner, Steven Sharkey.

These points were discussed at length during an earlier hearing, held November 3, 2016. That hearing concerned the Creditor's objection to Debtor's earlier claims of exemption, under the federal exemptions, including Bankruptcy Code § 522(d)(12). That section exempts "[r]etirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." During the November 3, hearing, the parties and the Court walked through several provisions of the Hartford Annuity contract and the Nationwide Annuity contract,[24] and Debtor's attorney ultimately conceded that none of these Internal Revenue Code provisions, including specifically § 408, apply to either of the annuities, and that as a result, neither annuity is exempt under § 522(d)(12). At least one of the reasons for this, Debtor's attorney conceded, is that under the clear and express terms of each annuity contract, the contract is transferrable by the owner, Steven

---

24. A copy of the Hartford Annuity contract is in the record as Exhibit 6–1 to the Creditor's current Objection to Exemptions (Docket # 127), and excerpts of it also appear as exhibits to the objection to exemptions that the Creditor filed on July 25, 2016 (Docket # 74). A copy of the Nationwide Annuity contract is in the record as Exhibit 6–2 to the Objection to Exemptions (Docket # 127), and excerpts

of it also appear as exhibits to the July 25, 2016 objection to exemptions that the Creditor filed (Docket # 74).

The terms of these two annuity contracts were discussed at length during the November 3, 2016 hearing. (*See* Transcript of November 3, 2016 hearing (Docket # 137) at 6–31. This hearing transcript is cited in this opinion as "11/3/16 Hr'g Tr. at ___.")

Sharkey.[25] Debtor's counsel made the following admissions during the November 3 hearing:

> THE COURT: Okay, so how does 522(d)(12) apply to these annuity contracts then?
>
> MR. LEWISTON: Well, it doesn't. If we're talking about 408 subsection (b) doesn't and wouldn't apply.
>
> THE COURT: Okay, so 408(b) does not apply you're saying?
>
> MR. LEWISTON: Correct.
>
> THE COURT: To these annuity contracts.
>
> MR. LEWISTON: Right.
>
> THE COURT: Okay. So what provision that's listed in Section 522(d)(12) of the Bankruptcy Code does cover these, if any, in Debtor's view?
>
> MR. LEWISTON: Within (d)(12) or?
>
> THE COURT: Yes.
>
> MR. LEWISTON: Within (d)(12) there aren't any other[s that] I'm aware of.
>
> THE COURT: So that means 522(d)(12) does not apply to these annuit[ies], to permit an exemption of these annuity contracts?
>
> MR. LEWISTON: That's correct.
>
> THE COURT: So you're withdrawing your claim of exemption under 522(d)(12)?
>
> MR. LEWISTON: Yes.
>
> THE COURT: For both contracts?
>
> MR. LEWISTON: Yes.[26]

Thus, Debtor's counsel conceded, during the November 3 hearing, that neither § 408 nor § 408A of the Internal Revenue Code, 26 U.S.C. § 408, 408(A), covers or applies to either the Hartford Annuity or the Nationwide Annuity. This necessarily means that Debtor also concedes that these annuities are not exempt under Mich. Comp. Laws § 600.5451(1)(k).

In the Creditor's Objection to Exemptions, the Creditor argued that Mich. Comp. Laws § 600.5451(1)(k) does not apply; and Debtor's written response to the objection did not contest this point. Rather, Debtor's written response argued only about 11 U.S.C. §§ 522(b)(3)(C) and 522(b)(4), discussed below.[27] And during the December 15, 2016 hearing, Debtor's counsel expressly withdrew Debtor's claims of exemption under Mich. Comp. Laws § 600.5451(1)(k).[28]

For these reasons, Debtor's written claims of exemption for the Hartford Annuity and Nationwide Annuity based on Mich. Comp. Laws § 600.5451(1)(k) are disallowed.

## 2. 11 U.S.C. § 522(b)(3)(C)

Debtor's latest amended Schedule C also lists 11 U.S.C. § 522(b)(3)(C) as a statutory basis for exempting the Hartford Annuity and the Nationwide Annuity. The wording of that section is identical to the wording of the federal exemption contained in 11 U.S.C. § 522(d)(12), quoted above, and is available to a debtor who elects the state exemptions. The concession by Debtor's counsel during the November 3 hearing that § 522(d)(12) does not apply to the annuities at issue, therefore, also amounts to a concession that § 522(b)(3)(C) does not apply to those annuities. And at the December 15 hearing, Debtor's counsel expressly withdrew Debtor's claim of exemption under

---

25. *See* 11/3/16 Hr'g Tr. at 21–32, 41–44.

26. 11/3/16 Hr'g Tr. at 42–43.

27. Debtor's Br., filed December 12, 2016 (Docket # 142).

28. December 15, Hr'g Tr. at 40–41.

§ 522(b)(3)(C).[29]

For these reasons, Debtor's written claims of exemption for the Hartford Annuity and the Nationwide Annuity based on 11 U.S.C. § 522(b)(3)(C) are disallowed.

### 3. 11 U.S.C. § 522(b)(4)

The final statutory provision claimed to support an exemption in the annuities at issue, in Debtor's latest amended Schedule C, is stated as "11 U.S.C. § 522(b)(4)(A)(B)." There is no such section in the Bankruptcy Code. The Court construes this as a claim of exemption based on 11 U.S.C. § 522(b)(4), and its subsections (A) and (B).

Section 522(b)(4) states, in its entirety:

(4) For purposes of paragraph (3)(C) and subsection (d)(12), the following shall apply:

(A) If the retirement funds are in a retirement fund that has received a favorable determination under section 7805 of the Internal Revenue Code of 1986, and that determination is in effect as of the date of the filing of the petition in a case under this title, those funds shall be presumed to be exempt from the estate.

(B) If the retirement funds are in a retirement fund that has not received a favorable determination under such section 7805, those funds are exempt from the estate if the debtor demonstrates that—

(i) no prior determination to the contrary has been made by a court or the Internal Revenue Service; and

(ii)(I) the retirement fund is in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986; or

(II) the retirement fund fails to be in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986 and the debtor is not materially responsible for that failure.

Debtor argues that § 522(b)(4) provides him with an independent basis for exemption of the annuities at issue, separate and in addition to what § 522(b)(3)(C) provides standing alone. Or, put another way, Debtor argues that § 522(b)(4) acts to expand the exemption of § 522(b)(3)(C) from what it would be under the wording of § 522(b)(3)(C) standing alone. More specifically, Debtor makes the following argument. It is true, Debtor says, that the Hartford Annuity and the Nationwide Annuity do not qualify for exemption under the language of § 522(b)(3)(C), because they are not funds or accounts that "are exempt from taxation under section 408" of the Internal Revenue Code (or under any of the other Internal Revenue Code sections listed in § 522(b)(3)(C)). These annuities are not, for example, "individual retirement annuities" as defined by Internal Revenue Code § 408(b), 26 U.S.C. § 408(b)—if they were, they would be "exempt from taxation under section 408" of the Internal Revenue Code, and therefore exempt under the language of Bankruptcy Code § 522(b)(3)(C). But, Debtor argues, these annuities *do* meet the requirements of § 522(b)(4)—specifically § 522(b)(4)(B)—and as a result, they must be *deemed* exempt under § 522(b)(3)(C).

Debtor's counsel acknowledged at the December 15 hearing that § 522(b)(4)(A) does not apply to the annuities at issue. That is, the annuities are not "in a retirement fund that has received a favorable determination under section 7805 of the Internal Revenue Code of 1986," within

29. *Id.*

the meaning of § 522(b)(4)(A). In fact, Debtor's counsel argued that "[t]he IRS doesn't issue favorable determinations under [§ ] 7805," citing *Daniels v. Agin*, 736 F.3d 70 (1st Cir. 2013).[30] Debtor's counsel appears to be incorrect about that point,[31] but in any event, Debtor agrees that the annuities in this case have ***not*** "received a favorable determination under section 7805 of the Internal Revenue Code."[32] Because of this, Debtor's counsel conceded that § 522(b)(4)(A) does not apply. Rather, Debtor is now relying solely on § 522(b)(4)(B) to try to establish his claimed exemption in the annuities.[33]

Before further considering Debtor's argument under § 522(b)(4)(B), the Court notes that the Creditor disputes Debtor's view about how §§ 522(b)(3) and 522(b)(4) interact. The Creditor makes a difficult argument—it argues that § 522(b)(4)(B) can never have any effect unless § 522(b)(3)(C) already applies to the annuity at issue. In substance, the Creditor argues that unless the annuity first meets the requirement under § 522(b)(3)(C), that it is exempt from taxation under one of the specified Internal Revenue Code sections (here, § 408), then § 522(b)(4)(B) has no effect or operation. Under the Creditor's view, the only time § 522(b)(4)(B) would have any effect or operation is when a fund or annuity, that otherwise is exempt from taxation under one of the specified Internal Revenue Code sections, is subject to disqualification of its tax-exempt status. The example of this that the Creditor

gives is where some disqualifying transaction has occurred.[34] For example, Internal Revenue Code § 408(e), 26 U.S.C. § 408(e), lists several events that cause an individual retirement account or an individual retirement annuity to lose its tax exemption. Such events include engaging in certain prohibited transactions under 26 U.S.C. § 4975; borrowing from an individual retirement annuity; or pledging an individual retirement account as security for a loan. *See* 26 U.S.C. §§ 408(e)(2)(A); 408(e)(3), 408(e)(4).

The Creditor has not briefed or fully developed its argument on this point, and has cited no authority to support its argument. The argument seems dubious. For one thing, as for the examples of disqualification given above, the very Internal Revenue Code section that would create the tax exemption for the individual retirement account or the individual retirement annuity in the first place—§ 408—also takes the tax exemption away. So, if one of the disqualification examples given above applied to an otherwise tax exempt account, it would mean that the purported individual retirement account/individual retirement annuity is not exempt from taxation under Internal Revenue Code § 408. And if that is so, then Bankruptcy Code § 522(b)(3)(C) would not apply in the first place.

What this suggests is that the Creditor's view of the interaction between

---

**30.** 12/15/16 Hr'g Tr. at 43, 43–48.

**31.** *See, e.g., Daley v. Mostoller (In re Daley )*, 717 F.3d 506, 508 (6th Cir. 2013) (noting that the Merrill Lynch IRA in that case had received such a favorable determination as of the bankruptcy petition date). The *Daniels v. Agin* case cited by Debtor does not hold or say that the IRS does not issue favorable determinations under § 7805. The most that can be gleaned from the *Daniels* case about this point is that an IRS tax audit closure letter

cannot be deemed to be a § 7805 favorable determination for purposes of Bankruptcy Code § 522(b)(4)(A). *See Daniels*, 736 F.3d at 79–80.

**32.** 12/15/16 Hr'g Tr. at 48.

**33.** *Id.* at 48–49.

**34.** *Id.* at 14–15.

§ 522(b)(3)(C) and § 522(b)(4) cannot be right, because under that view, § 522(b)(4) would never have any effect or operation; it would be entirely superfluous. Debtor's view of the interaction between these two subsections, described above, seems a more plausible interpretation of how these statutory provisions operate together.

But as it turns out, it is not necessary to resolve this statutory interpretation dispute, because even under Debtor's view of how these subsections interact, Debtor fails to satisfy the requirements of § 522(b)(4)(B).

 To meet the requirements of § 522(b)(4)(B), quoted above, Debtor must show that the Hartford Annuity and the Nationwide Annuity are "in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986." Or failing that, Debtor must show that "the debtor is not materially responsible for" the failure of the fund to be in such substantial compliance with the Internal Revenue Code.

Debtor has failed to demonstrate either of these things. First, it is clear that neither the Hartford Annuity nor the Nationwide Annuity is "in substantial compliance with the applicable requirements of the Internal Revenue Code." The reference in this statutory provision to "the applicable requirements of the Internal Revenue Code" clearly is a reference to the requirements that the Internal Revenue Code imposes in order for the annuity to be "exempt from taxation" under one of the specific Internal Revenue Code sections listed in § 522(b)(3)(C). This is clear because § 522(b)(4) begins with, and is modified in its entirety by, the following language: "[f]or purposes of paragraph (3)(C) and subsection (d)(12) the following shall apply:...." 11 U.S.C. § 522(b)(4) (emphasis added). Because this case deals with annuity contracts, the "substantial

compliance" required is that the annuity contracts be "in substantial compliance with" the requirements of Internal Revenue Code § 408 to qualify as an "individual retirement annuity," as defined in 26 U.S.C. § 408(b).

The Hartford Annuity and the Nationwide Annuity are not in such "substantial compliance." This is because, as Debtor's counsel has admitted, neither of these annuity contracts meets the requirement of 26 U.S.C. § 408(b)(1) that "[t]he contract is not transferrable by the owner." Rather, the Hartford Annuity contract and the Nationwide Annuity contract each clearly provide that they are transferrable by the owner, Steven Sharkey.

Given that neither annuity is "in substantial compliance with the applicable requirements of the Internal Revenue Code," Debtor must demonstrate that he "is not materially responsible for that failure." 11 U.S.C. § 522(b)(4)(B)(ii)(II). Debtor has failed to demonstrate this; rather, the undisputed facts clearly show that Debtor *is* materially responsible for that failure. This is so, as the Creditor argues, because it was Debtor who purchased the Hartford Annuity and the Nationwide Annuity contracts, each of which contain terms that make them fail to qualify as individual retirement annuities under Internal Revenue Code § 408(b). Mr. Sharkey could have established and purchased an individual retirement account or an individual retirement annuity, which would now qualify for exemption under Bankruptcy Code § 522(b)(3)(C), but he did not do so. Instead, he purchased non-qualified annuity contracts.

In arguing that the annuities are "in substantial compliance," Debtor cites language in each of the annuity contracts, and in letters from the Hartford and Nationwide about the annuities, tending to show

that the annuities are intended to comply, and/or do comply, with the requirements of Internal Revenue Code Section 72, 26 U.S.C. § 72, which is applicable generally to annuities. Section 72 is a long and complicated section in the Internal Revenue Code containing requirements for annuities, and rules for their tax treatment. While Section 72 applies to and governs annuities generally, Internal Revenue Code § 408(b) defines an "individual retirement annuity" as an annuity contract that meets several specific requirements, including that the contract is not transferrable by the owner. An individual retirement annuity is a specific kind of annuity. Under Bankruptcy Code § 522(b)(3)(C), only annuities that are exempt from taxation under Internal Revenue Code § 408 (or one of the other specific Internal Revenue Code sections listed) are exempt. Nothing in § 522(b)(3)(C) extends bankruptcy exemption status to an annuity simply because it is an annuity as defined and treated in Section 72 of the Internal Revenue Code—Section 72 is not one of the Internal Revenue Code sections listed in § 522(b)(3)(C).

In short, the contract language and letters cited by Debtor, concerning how the annuity contracts here are intended to or do comply with Section 72 of the Internal Revenue Code, do nothing to establish that the annuity contracts are in substantial compliance with Internal Revenue Code § 408.

Debtor's counsel acknowledged as much during the November 3, 2016 hearing. During that hearing, Debtor's counsel acknowledged the distinction between an annuity under Internal Revenue Code Section 72 on the one hand, and an individual retirement annuity as defined by Internal Revenue Code § 408(b) on the other hand, and acknowledged that an annuity contract's mere compliance with Internal Rev-

enue Code Section 72 is not enough to make it exempt from taxation under Internal Revenue Code § 408, or under any of the other Internal Revenue Code sections cited in Bankruptcy Code § 522(d)(12). Such admissions apply with equal force now, because § 522(b)(3)(C) has the identical wording as § 522(d)(12).

Debtor's counsel stated the following during the November 3, 2016 hearing:

THE COURT: ... [addressing Mr. Lewiston:]

... [I]t would be very helpful to me to hear from you, what specific provisions in the Internal Revenue Code that are among those listed in 522(d)(12) you're saying in your—the Debtor is claiming exempt, or apply to these annuity contracts that we're talking about here?

. . .

MR. LEWISTON: All right. Well, 408 small (b).

. . .

THE COURT: That's individual retirement annuity.

. . .

THE COURT: You're saying these two annuity contracts that we're dealing with in this case, ... are individual retirement annuities to which Section 408(b) of the Internal Revenue Code applies?

. . .

MR. LEWISTON: Yes.

THE COURT: ... Are there others or is that it?

MR. LEWISTON: Within the confines of (d)(12), yeah, **there's also a 26 U.S. Code 72, which regulates annuities, which this particular one, the Hartford one and probably Nationwide, does qualify under that section pursuant to the letter that we received from them.**

THE COURT: Okay, so you've answered, I think you're answering the

question I asked Ms. Goll a minute ago, that is, when the July 26th letter from the Hartford, Docket 78, refers to making changes necessary to ensure that the contract continues to qualify as an annuity contract for federal income tax purposes, that's a reference to Section 72—

MR. LEWISTON: Yes.

THE COURT:—of the Internal Revenue Code?

MR. LEWISTON: Right.

THE COURT: ... [B]ut that's not one of the sections listed in 522(d)(12)?

MR. LEWISTON: That's correct.

THE COURT: Right?

MR. LEWISTON: Yes.

THE COURT: So (d)(12) doesn't apply to [an] Internal Revenue Code Section 72 annuity unless that annuity also is covered by Section 408(b), is that right?

MR. LEWISTON: Yes. ... That's true.

THE COURT: And you're saying these annuities are covered by both? Or by, just by 408(b), or by 72, or by both?

MR. LEWISTON: Well, 72 positively; 408(b) maybe not.

THE COURT: Okay, so how does 522(d)(12) apply to these annuity contracts then?

MR. LEWISTON: Well, it doesn't. If we're talking about 408 subsection (b) doesn't and wouldn't apply.

THE COURT: Okay, so 408(b) does not apply you're saying?

MR. LEWISTON: Correct.

THE COURT: To these annuity contracts.

MR. LEWISTON: Right.

THE COURT: ... So what provision that's listed in Section 522(d)(12) of the Bankruptcy Code does cover these, if any, in Debtor's view?

MR. LEWISTON: Within (d)(12) or?

THE COURT: Yes.

MR. LEWISTON: Within (d)(12) there aren't any other [that] I'm aware of.

THE COURT: So that means 522(d)(12) does not apply to these annuit[ies], to permit an exemption of these annuity contracts?

MR. LEWISTON: That's correct.

THE COURT: So you're withdrawing your claim of exemption under 522(d)(12)?

MR. LEWISTON: Yes.

THE COURT: For both contracts?

MR. LEWISTON: Yes.[35]

Thus, Debtor's counsel has admitted, correctly, that the mere fact that an annuity contract is covered by Internal Revenue Code § 72 does not mean that it is also covered by Internal Revenue Code § 408(b).

An annuity contract that qualifies for treatment as an individual retirement annuity under Internal Revenue Code § 408 is often referred to as a "qualified" annuity. An annuity contract that does not so qualify, and that is not part of a qualified employee benefit plan under the Internal Revenue Code, such as a 401(k) plan, is often referred to as a "non-qualified" annuity. Non-qualified Section 72 annuities are afforded favorable tax treatment in some ways, but they are different from, and do not have the same tax treatment as, qualified annuities. For a discussion of some of the differences in tax treatment between qualified annuities and nonqualified annuities, *see Taxation of Annuities, in* Insured

35. 11/3/16 Hr'g Tr. at 40–43.

Retirement Inst. Fact Book 2016 166 (15th ed. 2016), *available at* http://www.irionline.org/government-affairs/annuities-regulationindustry-information/taxation-of-annuities (last visited Jan. 30, 2017).

Finally, the letters from The Hartford and Nationwide, which Debtor filed on December 12, 2016, make clear that the annuities at issue here are non-qualified annuities that are not covered by any of the Internal Revenue Code sections listed in Bankruptcy Code § 522(b)(3)(C). First, the letter from Nationwide, dated December 9, 2017 and addressed to Debtor's counsel, states, in pertinent part, the following:

**Contract details**

Owner: Steven G. Sharkey

Annuitant: Steven G. Sharkey

Contract number: [number redacted]

We received your request for information regarding annuity contract [number redacted].

The product is an individual Flexible Deferred Variable Annuity which was purchased by Mr. Sharkey as a non-qualified annuity contract. A non-qualified contract is a contract that does not qualify for certain tax benefits under the Internal Revenue Code (the "Code") such as deductibility of purchase payments, and which is not an IRA, Roth IRA, SEP IRA, Simple IRA, or tax sheltered annuity. The product purchased by Mr. Sharkey is not intended to be issued as part of a tax qualified pension plan, profit sharing, or retirement plan or arrangement that would be subject to ERISA. The product was filed with the state Department of Insurance with the intention to comply with the specific requirements of the Code, including any guidance issue pursuant to regulations applicable to non-qualified annuity contracts, that must be met in order for the contract to be treated as an annuity for federal tax purposes.[36]

Similarly, the letter from The Hartford, also dated December 9, 2016 and addressed to Debtor's counsel, refers to the Hartford Annuity contract as "[t]he non-qualified annuity contract" and merely states that it is "in compliance with IRC Section 72." [37]

For all of these reasons, neither the Hartford Annuity nor the Nationwide Annuity is exempt based on § 522(b)(4)(B).[38]

---

36. Ex. 4, second page, to Debtor's Br. filed December 12, 2016 (Docket # 142) at pdf p. 11.

37. Ex. 4, first page, to Debtor's Br. filed December 12, 2016 (Docket # 142) at pdf p. 10.

38. The Court's ruling in this opinion makes it unnecessary to discuss or decide the merits of an argument that the Creditor made for the first time during the December 15, 2016 hearing—namely, that Bankruptcy Code §§ 522(b)(3)(C) and 522(b)(4) do not apply to Debtor's annuities for the additional reason that those annuities are not "retirement funds" as that term is used in these Code sections. *See generally Clark v. Rameker,* —— U.S. ——, 134 S.Ct. 2242, 189 L.Ed.2d 157 (2014) (holding that an inherited individual retirement account does not constitute "retirement funds" within the meaning of § 522(b)(3)(C)); *In re Kizer,* 539 B.R. 316 (Bankr. E.D. Mich. 2015) (discussing and applying *Clark v. Rameker* to a debtor's claim of exemption, under Bankruptcy Code § 522(d)(12), in an interest the debtor received in his divorce as an "alternate payee" in his wife's retirement accounts).

### D. The Creditor's request for sanctions against Debtor's attorneys

The Creditor seeks sanctions against Debtor's attorneys, based on 28 U.S.C. § 1927. The Creditor argues that the attorneys' conduct in filing five amended claims of exemption, and in moving for and obtaining conversion of this bankruptcy case from Chapter 7 to Chapter 13, multiplied the proceedings unreasonably and vexatiously, causing the Creditor to incur excess attorney fees. The Creditor argues that Debtor's attorneys knew or reasonably should have known that all of the claims of exemption made for the annuities at issue were frivolous.

Under 28 U.S.C. § 1927,

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The United States Court of Appeals for the Sixth Circuit recently confirmed that bankruptcy courts have authority to order relief under § 1927. *See Grossman v. Wehrle (In re Royal Mgt., Inc. )*, 652 Fed. Appx. 330, 341–42 (6th Cir. 2016), *cert. denied sub nom. Grossman v. Wehrle*, No. 16–642, —— U.S. ——, 137 S.Ct. 831, —— L.Ed.2d ——, 2017 WL 276189 (January 23, 2017). And the Sixth Circuit recently discussed § 1927 as follows:

"Section 1927 sanctions are warranted when an attorney *objectively* 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.' " *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)) (emphasis added). "Section 1927 sanctions may be imposed without a finding that the lawyer subjectively knew that his conduct was inappropriate." *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016). Thus, sanctions under 28 U.S.C. § 1927 "require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009); *Red Carpet Studios*, 465 F.3d at 646; *In re Ruben*, 825 F.2d at 984.

*Knopf v. Elite Moving Systems*, No. 16–1307, —— Fed.Appx. ——, ——, 2017 WL 360555, at *4 (6th Cir. January 25, 2017) (footnote omitted).

Finally, in a recent case, the Bankruptcy Appellate Panel for the Sixth Circuit reviewed the case law and extensively described the standards applicable in the Sixth Circuit under § 1927:

"The purpose of sanctions under § 1927 is " 'to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy.' " *In re Royal Manor Mgmt., Inc.*, 525 B.R. 338, 365–66 (6th Cir. BAP 2015) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citing *Jones v. Continental Corp.*, 789 F.2d 1225, 1230–31 (6th Cir. 1986))), *aff'd sub nom. Grossman v. Wehrle (In re Royal Manor Mgmt., Inc. )*, 652 Fed.Appx. 330 (6th Cir. June 2016).

Sanctions are warranted under § 1927 if counsel "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009) (citation omitted). Sanctions require "**more than negli-**

gence or incompetence" but "something less than subjective bad faith." *Hall v. Liberty Life Assurance Co. of Boston*, 595 F.3d 270, 276 (6th Cir. 2010) (citation omitted) ... "**Discrete acts of vexatious conduct should be identified** and a determination made whether they were done in bad faith or, even if bad faith was not present, whether they multiplied the proceedings pursuant to 28 U.S.C. § 1927." *Riddle v. Egensperger*, 266 F.3d 542, 556 (6th Cir. 2001) (quoting *In re Ruben*, 825 F.2d 977, 990 (6th Cir.1987)). *Royal Manor*, 525 B.R. at 365(emphasis added). In *Royal Manor*, the Bankruptcy Appellate Panel explained the Sixth Circuit's standards:

> Litigation conduct is reviewed "for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety." *Jones*, 789 F.2d at 1230. Absent a showing of bad faith, sanctions may be imposed "at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." [*Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)], *quoting Jones*, 789 F.2d at 1230. "[T]he mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Ridder*, 109 F.3d at 298. "An attorney is liable under § 1927 solely for excessive costs resulting from the violative conduct." *Id.* at 299. **Simple inadvertence or negligence that frustrates the trial judge will not support a sanction under § 1927.** *In re Ruben*, 825 F.2d at 984. "There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id.* "A sanction is generally improper where a successful motion could have avoided any additional legal expenses by defendants." *Id.* at 988.

*Royal Manor*, 525 B.R. at 365 (quoting *Riddle v. Egensperger*, 266 F.3d at 553) (emphasis added). In summary, § 1927 is implicated when a party has (1) multiplied proceedings, (2) unreasonably and vexatiously, (3) in bad faith or when an attorney knows or reasonably should know that the claim or litigation tactics pursued is frivolous or will impede the litigation of proper claims, and (4) which has resulted in additional expense to the other parties.

...

The Sixth Circuit has provided a helpful perspective on the distinction between "zealous representation" and "vexatious conduct:"

> An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise "unreasonable and vexatious." Accordingly, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.

*Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986) "*Jones* makes clear that the standard for section 1927 determinations in this circuit is an objective one, entirely different from determinations under the bad faith rule." *Rogers v. Salvation Army*, No. 14–12656, 2015 WL 4488512, at *3 (E.D. Mich. July 23, 2015).

To award fees and costs pursuant to § 1927, the court must find that the attorney not only multiplied the proceeding, but that the attorney did so in objective bad faith or knew or should have known the actions were frivolous. Mere incompetence or negligence does not justify § 1927 sanctions.

*Montedonico v. Blasingame (In re Blasingame)*, 559 B.R. 676, 686–89 (6th Cir. B.A.P. 2016) (footnote omitted).

■ Applying the above standards, the Court concludes that sanctions under § 1927 are not warranted in this case. While the actions of Debtor's counsel that the Creditor complains of did "multiply the proceedings," no such actions were done "in objective bad faith." And the Court cannot find that Debtor's counsel knew or should have known that any of their actions were frivolous. Nor can the Court find that the litigation tactics of Debtor's counsel "needlessly obstruct[ed] the litigation of nonfrivolous claims."

Although ultimately unsuccessful, Debtor's claims of exemption under Bankruptcy Code §§ 522(d)(12), 522(b)(3)(C), and 522(b)(4) were not frivolous. It is true that the factual record, arguments, and exemption claims evolved over the course of several hearings in this case, held over a several-month period spanning both the Chapter 7 and Chapter 13 phases of this case. But the Court cannot say that the actions of Debtor's counsel were either unreasonable or vexatious. And even if there had been any "inadvertence or negligence," or "incompetence" by Debtor's counsel over the course of these proceedings—something the Court does not need to decide—that alone would not be sufficient to permit or justify sanctions under § 1927, under the case law quoted above.

Finally, even if this Court had discretion to award sanctions under § 1927, the Court would exercise its discretion in favor of not awarding sanctions, under the circumstances of this case.

For these reasons, the Creditor's request for sanctions under § 1927 will be denied.

## V. Conclusion

For the reasons stated in this opinion, the Court will enter an order sustaining the Creditor's objections to exemption, disallowing Debtor's claims of exemption in the Hartford Annuity and the Nationwide Annuity, and denying the Creditor's request for sanctions.